Michael Anthony **CAMPBELL**, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 58656, 58657.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 28, 1979.

494

Charles W. Yuill, Jr. and James Clark Gordon, Dallas, for appellant.

Henry M. Wade, D. A., John Tatum and John William Booth, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

OPINION

ROBERTS, Judge.

These are appeals from convictions for aggravated robbery (V.T.C.A., Penal Code, Section 29.03) and unauthorized use of a motor vehicle (V.T.C.A., Penal Code, Section 31.07). Appellant entered pleas of nolo contendere and guilty, respectively, to these offenses; punishment was assessed by the court at ten years' and three years' confinement, respectively, to run concurrently.

Appellant contends that the court failed to properly admonish him concerning his respective pleas in violation of Article 26.13, Vernon's Ann.C.C.P. He also challenges the sufficiency of the evidence to support his conviction for aggravated robbery. We overrule these contentions and affirm the judgments of conviction.

These offenses were tried jointly. We find in the record appellant's judicial confessions to the effect that on July 6, 1977, in Dallas County, he stole a car and then several hours later drove to a department store and robbed the store's manager at gunpoint as the manager was leaving the store with the day's receipts. It was stipulated by both parties, however, that the gun used to effectuate the robbery was an "air pistol," commonly known as a pellet gun.

Specifically, appellant argues that the court failed to comply with that provision of Article 26.13, supra, which provides that:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

\* \* \* \* \* \*

"(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. . . ."

The record reflects that in each case pending against him the appellant and his

attorney executed an instrument entitled "Plea Bargain Agreement." Both agreements reflect that in consideration for appellant's plea the State would make no recommendation of punishment, except that the agreement in the aggravated robbery case provided that the State would oppose probation for that offense.

Article 26.13, supra, requires that prior to accepting a plea of guilt or nolo contendere, the court shall, among other things, admonish the appellant of the nonbinding effect of the prosecutor's recommendation as to punishment, *if there exists such a recommendation.* In the present case, the appellant, with advice and consent of his attorney, agreed with the State that his pleas were to be given in consideration for no recommendation of punishment by the prosecutor. Prior to accepting the respective pleas of the appellant, the court inquired if the appellant understood that the plea bargain agreement "has not resulted in any agreed recommendation" and that punishment would be set by the court somewhere within the range provided by law; appellant affirmatively acknowledged that he understood the terms of these agreements. Under circumstances such as these, where no recommendation of punishment has been made by the State and the court admonishes the defendant of that fact, we hold that the court is not further required to literally follow the directives of Article 26.13(a)(2), supra, because to do so would be, at best, a fruitless act.

We conclude that in admonishing the appellant concerning his pleas of guilty and nolo contendere, the court substantially complied with the provisions of Article 26.-13, supra, which is all that is required by that statute in the absence of an affirmative demonstration by appellant that he was misled or harmed by the admonishment of the court. Article 26.13(c), supra. See also *Kidd v. State,* 563 S.W.2d 939 (Tex.Cr.App. 1978). We find no merit in appellant's ar-

gument; accordingly, this contention is overruled.

Appellant next contends that his conviction for aggravated robbery should be reversed because the evidence is insufficient to support a finding that the air pistol he used to rob the store manager was a deadly weapon. We also find this contention to be without merit in light of the evidence adduced in support of appellant's plea of nolo contendere.

V.T.C.A., Penal Code, Section 1.07(a)(11) defines "deadly weapon" as:

"(A) a firearm or *anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury;* or

"(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." (Emphasis supplied.)

Although the air pistol in question may not qualify as a firearm because it was not designed to expel a projectile "through a barrel by using the energy generated by an explosion or burning substance," V.T.C.A., Penal Code, Section 46.01, the evidence was clearly sufficient to support a finding that the air pistol was "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury". Section 1.07(a)(11); *Walker v. State,* 543 S.W.2d 634 (Tex.Cr.App.1976).

In support of appellant's plea of nolo contendere to the offense of aggravated robbery, the State offered the testimony of Officer Don Crum as a qualified ballistics expert.[1] Crum testified that through his training as a police officer and personal experience he was familiar with the type of air pistol used by the appellant to commit the robbery. He further testified that the weapon was designed to fire a .22 caliber projectile and was capable of causing the death of a human being if fired from close range.

---

1. See and compare *Denham v. State,* 574 S.W.2d 129 (Tex.Cr.App.1978), wherein it was held that a victim who observes and receives a wound is competent to testify as to whether or not the weapon used to inflict the wound was a "deadly weapon," thus expert testimony on this issue is not always necessary.

The complainant store manager testified that appellant pointed the gun at him at close range and demanded the money. He also testified that the appellant threatened to kill him if he attempted to run.

Appellant urges that our decision in *Mosley v. State,* 545 S.W.2d 144 (Tex.Cr.App. 1976) supports his contention. In *Mosley,* the defendant used an unloaded B.B. gun which was only capable of expelling a projectile about five feet and which could not penetrate the skin; it was never pointed toward the face of the victim and the defendant never used or threatened to use it as a bludgeon. After noting that the State's expert witness testified that the B.B. gun was not a firearm, this Court concluded that the gun was not a deadly weapon. On the basis of the evidence, it was found that the weapon was not designed, made or adapted for the purpose of inflicting death or serious bodily injury and that the B.B. pistol, as used, was not calculated to produce death or bodily injury.

 Unlike the B.B. gun in *Mosley,* supra, the air pistol in the present case was capable of inflicting death or serious bodily injury and was designed for that purpose. Moreover, in the manner of its use by appellant, it was capable of causing death or serious bodily injury. Section 1.07(a)(11), supra; *Walker v. State,* supra. Accordingly, in light of the uncontradicted testimony of Crum and the complainant, we find the evidence sufficient to support appellant's conviction for aggravated robbery; appellant's contention is overruled.

The judgments are affirmed.