**Lorenzo MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00041–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1994.

Discretionary Review Refused April 12, 1995.

Ken J. McLean, Roy G. Romo, HOUSTON, for appellant.

John B. Holmes, Jr., Karen A. Clark, Stephen Harpold, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

A jury convicted Lorenzo Morgan, appellant, of aggravated robbery. Appellant requested the trial court assess punishment and pled "true" to two enhancement allegations. The trial court found the enhancement allegations to be true and sentenced appellant to 45 years confinement.

Appellant raises four points of error attacking the trial court's ruling that the State would be allowed to impeach appellant's testimony with prior felony convictions, pursuant to Tex.R.Crim.Evid. 609. We affirm.

### Background

The State introduced evidence that appellant approached the complainant, Kevin Vick, at a car wash, threatened him with a pistol, stole his watch, everything in his pockets, and his car. Vick identified appellant as his assailant in a videotaped lineup. Mark Perez and his girlfriend were present when Vick was robbed, and were themselves the victims of a contemporaneous robbery by another person. Neither Perez nor his girlfriend were able to identify appellant at a lineup or in open court.

Before trial, appellant had filed a "Motion to Testify Free From Impeachment with Prior Convictions," which the trial court denied. The court ruled that the State would be allowed to impeach appellant with prior convictions for aggravated assault, auto theft, and unauthorized use of a motor vehicle. The court withheld its ruling concerning a prior conviction for possession of a controlled substance. When the State completed its case-in-chief, appellant asked the trial court to reconsider its *in limine* ruling. The court reaffirmed its earlier ruling, and the State abandoned its plan to impeach appellant with the conviction for possession.

Appellant's counsel then announced that appellant would not testify because of the trial court's ruling. Appellant's case consisted solely of the testimony of his grandmother, Annie Ruffin, who testified that appellant typically got home from work at about 8:00 in the evening, which would have been prior to the time that the robbery occurred.

### First point of error

■ In his first point of error, appellant contends that the trial court erred by ruling that it would allow the State to impeach appellant with prior felony convictions. Appellant argues that those convictions were more prejudicial than probative, contrary to TEX.R.CRIM.EVID. 609(a).[1] In reviewing a trial court's decision to admit prior convictions, we will reverse only upon a showing of a clear abuse of discretion. *Theus v. State*, 845 S.W.2d 874, 881 (Tex.Crim.App.1992).

Although the State does not argue it, appellant did not preserve this error for review. Because appellant chose not to testify, *he was never actually impeached with evidence of the prior convictions.* Instead, he objected to the court's ruling on his motion *in limine*, and (through counsel) stated that he would not testify because of the court's ruling. Thus, as an initial matter, this case is in a different factual posture than *Theus*, on which both parties rely. There, the appellant made pretrial motions to testify free from impeachment with a prior conviction, which the trial court overruled. At trial, Theus testified in his own defense, and the State impeached him, as well as his character witnesses, with evidence of appellant's prior felony conviction.

■ This Court, in *Rogers v. State*, 795 S.W.2d 300, 307 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd) held that the appellant did not preserve error when he relied on a motion *in limine* but did not take the stand. The general rule is that a motion *in limine* does not preserve error. *See Gonzales v. State*, 685 S.W.2d 47, 50–51 (Tex.Crim.App.), *cert. denied,* 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985); *Rogers,* 795 S.W.2d at

307. The *Rogers* court, however, did not specifically address prior convictions.

Although the question has not yet been addressed by the Court of Criminal Appeals, the United States Supreme Court has held that the federal corollary to TEX.R.CRIM. EVID. 609(a) requires that a defendant testify in order to preserve a pretrial ruling on the admissibility of prior conviction impeachment evidence. *Luce v. United States,* 469 U.S. 38, 43, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984).[2] The court in *Luce* was most concerned with the fact that a reviewing court cannot weigh the probative value against the prejudicial effect without a factual record of the defendant's testimony. *Id.* at 40, 105 S.Ct. at 463. In contrast, if a defendant testifies and is impeached, the reviewing court can examine the defendant's testimony, the prosecutor's cross-examination, and the jury arguments to determine the impact of the impeachment. The court in *Luce* was also concerned that the alleged harm would be speculative, because the trial court would be free to change her previous ruling and prohibit the impeachment. Alternatively, the prosecutor might decide not to use an arguably inadmissible prior conviction. *Id.* Finally, even assuming that these difficulties could be overcome, the reviewing court would be unable to conduct a harmless error analysis if it determined that the prior convictions had been improperly admitted, because the error would always be harmful if it presumptively prevented the defendant from testifying in his own defense. *Id.*

The reasoning of *Luce* is persuasive. We overrule appellant's first point of error, reaffirm the holding of *Rogers,* and specifically hold that a defendant must testify in order to raise and preserve a claim of improper impeachment through prior convictions.

---

1. Texas Rule of Criminal Evidence 609(a) provides:

> For the purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, *and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.* (emphasis added).

2. Several other courts of appeals have specifically adopted the position that in order to raise and preserve a claim of improper impeachment through a prior conviction the defendant must actually testify. *Perea v. State,* 870 S.W.2d 314, 319 (Tex.App.—Tyler 1994, no pet.); *Richardson v. State,* 832 S.W.2d 168, 172 (Tex.App.—Waco 1992, pet. ref'd); *Benavides v. State,* 763 S.W.2d 587, 590 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Richardson v. State,* 733 S.W.2d 947, 956 (Tex.App.—Austin 1987), *vacated on other grounds,* 761 S.W.2d 19 (Tex.Crim.App.1988).

### Second and third points of error

■ In his second and third points of error, appellant contends that the trial court's ruling effectively precluded him from testifying, in violation of (1) his right to present a defense under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Texas Constitution; and (2) his right to due process of law under the Fourteenth Amendment to the Unites States Constitution and article I, sections 13 and 19 of the Texas Constitution.

Appellant cites several cases for the proposition that a criminal defendant has a right to compel witnesses and put on a defense. *See, e.g., Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (right to compel witness' presence is right to have witness' testimony heard by trier of fact); *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (right of defendant to present witnesses is fundamental); *Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972) (right to present defense is a fundamental right under the Fourteenth Amendment's right of due process); *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) (right to subpoena witnesses is right to present defense).

■ These cases are distinguishable, because appellant was physically free to testify, he just chose not to. Appellant does not have the right to testify free from impeachment. There is no authority to support the argument that the threat of impeachment unconstitutionally prevented appellant from presenting a defense. We overrule appellant's second and third points of error.

### Fourth point of error

■ In his fourth point of error, appellant argues that the trial court's ruling deprived him of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Texas Constitution.

Whether trial counsel rendered ineffective assistance is measured by the *Strickland* standard. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Butler v. State,* 872 S.W.2d 227, 241 (Tex.Crim.App.1994). Under that standard, appellant must show (1) that counsel's performance failed to constitute "reasonably effective assistance;" and (2) that there is a reasonable probability that but for counsel's deficient performance the result would have been different. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. In evaluating counsel's performance, this Court must indulge a strong presumption that counsel's conduct falls within the wide range of what might be considered sound trial strategy. *Id.* at 688–89, 104 S.Ct. at 2065.

Appellant argues that by ruling that the State would be allowed to impeach appellant with prior convictions if he testified, the trial court "effectively precluded counsel from presenting the testimony of appellant." Appellant cites *Strickland* in support of his argument that rules or decisions of a trial court can violate a defendant's right to effective assistance when they interfere in certain ways with the ability of counsel "to make independent decisions about how to conduct the defense." *Id.* at 684–86, 104 S.Ct. at 2063.

This argument is not persuasive. The cases cited by the court in *Strickland* involved clear and unambiguous prohibitions or restrictions on the attorney's actions. *E.g., Geders v. Unites States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) (bar on attorney-client consultation during overnight recess); *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (bar on summation at bench trial); *Ferguson v. Georgia,* 365 U.S. 570, 81 S.Ct. 756, 5 L.Ed.2d 783 (1961) (bar on direct examination of defendant). Here, by contrast, the trial court's ruling merely forced counsel to make an "independent decision" whether to put his client on the stand. Such a decision is clearly within that wide range that might be considered sound trial strategy. Therefore, we overrule appellant's fourth point of error.

We affirm the judgment of the trial court.