Salazar v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00628-CR







Eugene Hernandez Salazar, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 94-107, HONORABLE DONALD V. HAMMOND, JUDGE PRESIDING








 A jury convicted appellant of aggravated robbery and assessed punishment at
ninety-nine years' confinement. Tex. Penal Code Ann. § 29.03 (West 1994). (1) Appellant raises
points of error challenging the sufficiency of the evidence supporting the jury's findings on both
guilt and whether a deadly weapon was used, as well as complaining of the trial court's ruling that
appellant could be impeached with a prior felony conviction. We will affirm the judgment of
conviction.



BACKGROUND


 Frank Hernandez, the victim in this case, testified that he was robbed by two men
outside a bar known as Lozano's Family Garden in Lockhart. Hernandez testified that appellant
held him from behind while another man (later identified as appellant's brother Ernesto) demanded
his wallet at knifepoint. The robbers took from Hernandez a one hundred dollar bill. Hernandez
also testified that he was afraid the assailants were going to kill him, that he saw a portion of a
gun, and that one of the assailants threatened to shoot him.

 Responding to a dispatch call, Officer Baladez arrived at the scene, and Yolando
Lozano, the owner of the bar, told him that the robbers had left in a red pickup truck. Shortly
after the incident, Baladez arrested appellant and Ernesto. Baladez found a one hundred dollar
bill on the floorboard of the pickup truck, and appellant was found in possession of a large
lockblade knife.

 When Baladez informed appellant and Ernesto that they were under arrest, Ernesto
fled the scene on foot. Appellant, however, did not flee. Officers eventually chased down
appellant's fugitive brother and brought him into custody.

 Soon after the arrest, appellant volunteered the statement, "I just want you to know
that my brother had nothing to do with it, that I did it all on my own." At a pretrial hearing,
when Baladez testified about appellant's post-arrest incriminating statement, appellant nodded his
head, indicating yes.

 At the jail on the night of the offense, Hernandez identified appellant as one of the
robbers. Hernandez again identified appellant as one of the assailants at trial.



DISCUSSION


 In his first point of error, appellant challenges the factual sufficiency of the
evidence to prove whether he robbed Hernandez. He does not challenge the legal sufficiency of
the evidence on this issue. When conducting a factual sufficiency review of the evidence in
criminal cases, an appellate court "views all the evidence without the prism of `in the light most
favorable to the prosecution,' . . . [and] set[s] aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust." Clewis v. State, No.
450-94 (Tex. Crim. App. January 31, 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd, untimely filed).

 Articulating the proper method of conducting a factual sufficiency review, this
Court has stated:



Because the court is not bound to view the evidence in the light most favorable to
the prosecution, it may consider the testimony of defense witnesses and the
existence of alternative hypotheses. The court should set aside the verdict only if
it so contrary to the overwhelming evidence as to be clearly wrong and unjust.
Before reversing a conviction on this basis, the court should detail the evidence and
clearly state why the jury's verdict is so contrary to the overwhelming evidence as
to be manifestly unjust, why it shocks the conscience, or why it clearly
demonstrates bias; and further state how the evidence contrary to the verdict
overwhelmingly outweighs the evidence that supports the verdict.



Stone, 823 S.W.2d at 381. 

 Appellant argues that the verdict is clearly wrong and unjust because (1) the
victim's testimony was incredible considering that he was intoxicated during the entire chain of
events; (2) neutral, third-party eye-witnesses testified that appellant was not a party to the robbery;
and (3) appellant's confession was unreliable. We disagree with appellant's interpretation of the
evidence.

 While Hernandez had been drinking that night, the jury heard evidence as to his
state of intoxication and was entitled to resolve the factual dispute as to whether, or to what
extent, Hernandez's faculties were impaired. See Tex. Code Crim. Proc. Ann. art. 38.04 (West
1978) (jury, as trier of fact, is judge of credibility of witnesses and weight to be given their
testimony). Given the record, we cannot conclude that the jury acted irrationally or unreasonably
by choosing to believe Hernandez's testimony.

 At the time of the robbery, Juanita and Ricky Arredondo lived across the street
from the Lozano Family Garden. After returning home from shopping with their children on the
evening of the robbery, the Arredondos stepped outside their van in front of their house and
witnessed some of the events surrounding the robbery. Both Juanita and Ricky testified that (1)
they saw Ernesto pushing and threatening Hernandez in the parking lot; (2) when they first began
observing the events, appellant was not present; and (3) appellant later walked out of the bar and
told Ernesto to leave Hernandez alone. 

 In summary, appellant posits the theory that he was not a party to the robbery, that
he came onto the scene only after Ernesto had robbed Hernandez, and that he tried to prevent his
brother from committing the robbery. However, Juanita admitted that when she first saw Ernesto
and Hernandez, Ernesto was already in possession of Hernandez's wallet; she conceded that she
did not know how the wallet was taken from the victim. Ricky also testified that he did not
witness how the wallet was taken, nor was he aware of what occurred before he started to observe
the events in the parking lot. 

 Appellant also attempts to discount his confession by arguing that it was reasonable
to conclude that he confessed in order to protect his brother. While appellant's version might be
one interpretation, the jury's finding of guilt is yet another. We cannot say that the jury's
interpretation was clearly wrong or manifestly unjust.

 Given the record, we conclude that a rational jury could have inferred that appellant
was a party to the robbery. The evidence entitled the jury to conclude that (1) both brothers
robbed Hernandez; (2) appellant then went inside the bar; (3) the Arredondos witnessed the events
in the parking lot only after the robbery occurred; (4) appellant urged his brother not to "mess
with" Hernandez because they already had his money; and (5) appellant admitted the robbery
because he was guilty. We overrule point of error one. 

 In his second and third points of error, appellant attacks the legal and factual
sufficiency of the jury's finding that a deadly weapon was used during the robbery.

 Appellate review of the legal sufficiency of the evidence is limited to determining
whether, in the light most favorable to the jury's verdict, a rational trier of fact could have found
beyond a reasonable doubt the essential elements of the crime charged. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Villalon v. State, 791 S.W.2d 130, 132 (Tex. Crim. App. 1990). The
standard of review is the same in both circumstantial and direct evidence cases. Geesa v. State,
820 S.W.2d 154, 161 (Tex. Crim. App. 1991). The jury is the trier of fact and the exclusive
judge of the credibility of the witnesses and the weight to be given their testimony. Tex. Code
Crim. Proc. Ann. art. 38.04 (West 1979). The jury is free to accept all or any part of the
evidence presented by either party. See Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App.
1991).

 It is not the reviewing court's duty to disregard, realign, or weigh the evidence.
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The appellate court must
consider all the evidence admitted. Nickerson v. State, 810 S.W.2d 398, 400 (Tex. Crim. App.
1991). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact
believes the evidence, an appellate court is not in position to reverse the conviction due to legally
insufficient evidence. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

 In the instant cause, the indictment alleged in part:



[S]aid Defendant did, then and there, and [sic] exhibit a deadly weapon, to wit: a
firearm, and a knife that in the manner of its use and intended use was capable of
causing death and serious bodily injury.



 In cases of aggravated robbery involving a firearm, testimony from the victim
regarding the use or exhibition of a gun is sufficient to support a conviction. Porter v. State, 601
S.W.2d 721, 723 (Tex. Crim. App. 1980). Moreover, the victim is not required to see the entire
weapon in order to support an aggravated robbery conviction. Jones v. State, 810 S.W.2d 824,
827 (Tex. App.--Houston [14th Dist.] 1991, no pet.).

 In cases of aggravated robbery involving a knife, whether a knife is considered a
deadly weapon depends on (1) the size, shape, sharpness, use, or intended use of the knife; (2)
words or threats made by the accused; and (3) the physical proximity of the accused to the victim. 
Tisdale v. State, 686 S.W.2d 110, 113-115 (Tex. Crim. App. 1984) (opinion on rehearing); Soto
v. State, 864 S.W.2d 687, 691-692 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd).

 In the instant cause, Hernandez testified that (1) appellant held him from behind
while Ernesto pointed a knife towards him and took his wallet from his pants pocket; (2) he
thought that the two men were going to kill him with the knife; (3) the men threatened to shoot
him with a gun; (4) he saw what he believed to be part of a pistol; and (5) he ran away because
he feared that the robbers would shoot him. Arresting officer Baladez testified that he discovered
a large pocket-knife on appellant's person. Baladez also recovered a toy plastic pistol from the
pickup truck where appellant was arrested. However, Juanita Arredondo testified that the robbers
did not use the toy gun recovered from the truck, but rather a "long, flat, skinny gun" -- an
automatic, or semiautomatic. Given the record, we cannot say that there was legally or factually
insufficient evidence to support the jury's finding that a deadly weapon was used during the
robbery. We overrule appellant's second and third point of error.

 In his fourth and fifth points of error, appellant attacks the trial court's ruling that,
pursuant to Texas Rule of Criminal Evidence 609, he could have been impeached with a prior
conviction had he testified. See Tex. R. Crim. Evid. 609. Specifically, in point of error four,
appellant argues that the prejudicial effect of admitting the prior conviction would outweigh its
probative value. In point of error five, appellant contends that the state did not provide written
notice of its intent to use the prior offense for impeachment purposes.

 Appellant did not testify at trial. Because appellant did not testify, the objectionable
evidence was not offered; therefore, any possible harm from the trial court's ruling would be
entirely speculative on our part. See Luce v. United States, 469 U.S. 38, 43 (1984). 
Accordingly, appellant has preserved nothing for review. Morgan v. State, 891 S.W.2d 733, 735
(Tex. App.--Houston [1st Dist.] 1994, pet. ref'd); Richardson v. State, 733 S.W.2d 947, 956 (Tex.
App.--Austin 1987), rev'd on other grounds, 761 S.W.2d 19 (Tex. Crim. App. 1988) (appellant
must testify in order to raise and preserve claims of improper impeachment through a prior
conviction). Therefore, we overrule points of error four and five.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the judgment of
conviction.



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Kidd and Dally *

Affirmed

Filed: March 6, 1996

Do Not Publish













* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   This offense took place before September 1, 1994 and is governed by the law in
effect at the time the offense occurred. Because the code amendments effective September
1, 1994 have no substantive effect on this offense, we cite to the current code for
convenience.



P>

 In cases of aggravated robbery involving a knife, whether a knife is considered a
deadly weapon depends on (1) the size, shape, sharpness, use, or intended use of the knife; (2)
words or threats made by the accused; and (3) the physical proximity of the accused to the victim. 
Tisdale v. State, 686 S.W.2d 110, 113-115 (Tex. Crim. App. 1984) (opinion on rehearing); Soto
v. State, 864 S.W.2d 687, 691-692 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd).

 In the instant cause, Hernandez testified that (1) appellant held him from behind
while Ernesto pointed a knife towards him and took his wallet from his pants pocket; (2) he
thought that the two men were going to kill him with the knife; (3) the men threatened to shoot
him with a gun; (4) he saw what he believed to be part of a pistol; and (5) he ran away because
he feared that the robbers would shoot him. Arresting officer Baladez testified that he discovered
a large pocket-knife on appellant's person. Baladez also recovered a toy plastic pistol from the
pickup truck where appellant was arrested. However, Juanita Arredondo testified that the robbers
did not use the toy gun recovered from the truck, but rather a "long, flat, skinny gun" -- an
automatic, or semiautomatic. Given the record, we cannot say that there was legally or factually
insufficient evidence to support the jury's finding that a deadly weapon was used during the
robbery. We overrule appellant's second and third point of error.

 In his fourth and fifth points of error, appellant attacks the trial court's ruling that,
pursuant to Texas Rule of Criminal Evidence 609, he could have been impeached with a prior
conviction had he testified. See Tex. R. Crim. Evid. 609. Specifically, in point of error four,
appellant argues that the prejudicial effect of admitting the prior conviction would outweigh its
probative value. In point of error five, appellant contends that the state did not provide written
notice of its intent to use the prior offense for impeachment purposes.

 Appellant did not testify at trial. Because appellant did not testify, the objectionable
evidence was not offered; therefore, any possible harm from the trial court's ruling would be
entirely speculative on our part. See Luce v. United States