NO. 07-01-0164-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 17, 2001

______________________________

ELIODORO de JESUS PEREZ,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 177th DISTRICT COURT OF HARRIS COUNTY;

NO. 850,199; HON. CAROL DAVIES, PRESIDING

_______________________________

Before Boyd, C.J., Quinn, and Reavis, JJ.

Appellant, Eliodoro de Jesus Perez, appeals his conviction for aggravated robbery.  According to the indictment, appellant intentionally and knowingly threatened and placed Diana Tejada in fear of imminent bodily injury and death, via the use and exhibition of a deadly weapon, while in the course of committing theft from Tejada.  The weapon in question consisted of an air rifle.  Via four issues, appellant argues that 1) the evidence was both legally and factually insufficient to prove he used or exhibited a deadly weapon during the offense, 2) because the evidence was legally and factually insufficient in that regard, the trial court erred in affirmatively finding that a deadly weapon had been used, and 3) he was denied his right to testify given trial counsel’s ineffective assistance.  We overrule each point and affirm the judgment.

Issues One, Two, and Three

The evidence was insufficient to prove that a deadly weapon was used, according to appellant, because an unloaded air rifle is allegedly not such a weapon.  Furthermore, the evidence purportedly illustrated that the weapon utilized by appellant was an unloaded air rifle.  We disagree for several reasons.
(footnote: 1)
 First, appellant does not contend that the State failed to prove, as alleged in the indictment, that the air rifle was a “firearm.”  
See Campbell v. State
, 577 S.W.2d 493, 495 (Tex. Crim. App. 1979) (acknowledging that an “air pistol” may not be a “firearm,”  given that an item is a “firearm” when the projectile is expelled through the use of energy generated by an explosion or burning substance).  Rather, he attacks the finding that it was a “deadly weapon.”  So, we need not address whether the State proved that the air rifle was a “firearm.”

Second, we know of no case holding that
 an air rifle or like instrument can never be a deadly weapon.  Quite the contrary, 
Campbell,
 as well as other authorities, illustrates otherwise.  
See e.g. Campbell v. State
, 577 S.W.2d at 495-96 (holding that the State proved the air pistol to be a deadly weapon because it was manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury, or was capable of causing death or serious bodily injury); 
Shelton v. State
, 10 S.W.3d 689, 695-96 (Tex. App.--Amarillo 1999, no pet.) (holding the CO2 gun there involved was a deadly weapon); 
Delgado v. State
, 986 S.W.2d 306, 308 (Tex. App.--Austin 1999, no pet.) (holding the BB pistol there involved was a deadly weapon).
(footnote: 2)
 Third, at least two witnesses testified that the air rifle utilized by appellant during the robbery constituted a deadly weapon because it was capable of inflicting serious bodily injury.  
See 
Tex. Pen. Code Ann
.
 
§ 1.07(a)(17) (Vernon 1994) (defining a deadly weapon as a firearm, anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury, or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury).   Indeed, one noted that the instrument was not a toy, that the projectile it expelled could pierce aluminum, and that it was capable of inflicting serious bodily injury if the projectile struck one’s head, chest area, or a vital organ.  

Fourth, the victim testified that appellant stood approximately three to four feet away while pointing the air rifle directly at her.  Like evidence has been held to be sufficient basis for a jury to rationally infer that the weapon was loaded and, therefore, immediately capable of inflicting serious bodily injury.  
Delgado v. State
, 986 S.W.2d at 308.     

In view of the foregoing, we hold that some evidence exists upon which a rational jury could find, beyond reasonable doubt, that appellant used or exhibited a deadly weapon while robbing Ms. Tejada.   So too must we hold that such a finding would not be clearly wrong or manifestly unjust given the entire evidence presented to the fact-finder.  Thus, the verdict is supported by legally and factually sufficient evidence.  And, the court did not err in affirmatively recording on the judgment that a deadly weapon had been used by appellant.

Issue Four

In his final point, appellant asserts that he was denied his constitutional right to testify due to trial counsel’s ineffective assistance during the guilt / innocence phase of the trial.  The supposed ineffective assistance consisted of counsel’s failure to attack the State’s intended use of a prior burglary conviction to impeach appellant if he testified.  

To the extent appellant suggests he was denied his right to testify because he feared impeachment by the State, we note that he had no right to testify free of impeachment.  
Morgan v. State
, 891 S.W.2d 733, 735 (Tex. App.--Houston [1st Dist.] 1994, no writ).  Appellant was free to testify or not.  
Id.

Next, to the extent that appellant contends his counsel’s ineffectiveness influenced his decision to remain silent, we note that he was obligated to prove his counsel rendered ineffective assistance.  
Hernandez v. State
, 988 S.W2d 770, 772 (Tex. Crim. App. 1999).  According to appellant, his counsel was ineffective because counsel “did not contest the lack of evidence to connect [appellant] . . .  to [the burglary] conviction.”  And, that counsel could have successfully challenged the use of that conviction was established, according to appellant, by the fact that the State later could not prove, during the punishment phase of the trial, that appellant was the individual encompassed by the prior conviction.  

Yet, that the State could not link appellant to the conviction during the punishment phase does not mean that it could not do so during the guilt / innocence phase.  This is so because the State was not obligated, at the guilt innocence phase of the trial, to tender independent proof (
i.e.
 proof independent of appellant’s testimony) that appellant was the individual who was previously convicted.  Quite the contrary, had appellant testified, the State, on cross-examination, could have simply proved the conviction and appellant’s relationship thereto by merely asking appellant if he was the one convicted of the prior burglary.  
See 
Tex. R. Evid
.
 609(a) (stating that evidence of a prior conviction can be elicited from the witness for purposes of impeaching the witness).  And, given that appellant implicitly acknowledged outside the presence of the jury that he had so been convicted, we can only presume that his answer to the State’s inquiry 
viz
 the conviction would have been quite inculpatory.

Simply put, that the State could not tie appellant to the prior conviction during the punishment phase of the trial without the testimony of appellant does not mean that it was unable to do so during the guilt / innocence phase when appellant could be forced to help through cross-examination.  As disclosed above, the contrary is quite true.  So, it may well have been a strategic choice on the part of counsel to remain silent and thereby prevent his own client from providing the State that which it needed to further harm appellant.  And, because counsel’s actions may have had sound tactical basis, we cannot say that he rendered ineffective assistance.
  
White v. State
, 999 S.W.2d 895, 898 (Tex. App.–Amarillo, 1999, pet ref’d).

Accordingly, we affirm the judgment of the trial court. 

Brian Quinn

       Justice 

Do not publish.

FOOTNOTES
1:
We dispense with the reiteration of the standards of review applicable to questions of legal and factual sufficiency.  Same are well-known and are adequately explained in 
Clewis v. State
, 924 S.W.2d 126, 129 (Tex. Crim. App. 1996) and 
King v. State
, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 

2:
Not even do the authorities cited by appellant support a 
per se
 rule.  They merely held that the BB guns there involved were not deadly weapons because they were unloaded and incapable of causing death or serious bodily injury.  
Mosely v. State
, 545 S.W.2d 144, 145-46 (Tex. Crim. App. 1976); 
Holder v. State
, 837 S.W.2d 802, 807-809 (Tex. App.--Austin 1992, writ ref’d).  Indeed, the court in 
Mosely
 expressly stated that it was not implementing a 
per se
 rule.  
Mosely v. State
, 545 S.W.2d at 146.