11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Kevin Thomas
Allison

Appellant

Vs.      
            No. 11-01-00112-CR  --  Appeal from Dallas County

State of Texas

Appellee

 

Appellant
was convicted of the offense of possession of cocaine with intent to
deliver.  Appellant pleaded true to an
enhancement paragraph contained in the indictment alleging a prior felony
conviction.  The trial court assessed
appellant=s punishment at confinement in the  Institutional Division of the Texas
Department of Criminal Justice for a term of 15 years.  We affirm.

Appellant
presents three issues on appeal.  Each
of the issues concerns the admission of evidence regarding his prior
convictions during the guilt/innocence phase of the trial in violation of
TEX.R.EVID. 404(b) & 609(f). 
Appellant filed a request for notice of the prosecution=s intent to offer evidence of extraneous
conduct under Rules 404(b) and 609(f) and TEX. CODE CRIM. PRO. ANN. art. 37.07,
' 3(g) (Vernon Supp. 2002) approximately one
month prior to trial.  Appellant
contends that the State did not provide him with sufficient notice of its
intent to rely on his prior convictions in response to his request. 

The State
did not offer any evidence of appellant=s prior convictions during its case-in-chief.  Appellant raised the issue concerning his prior convictions
during the case-in-chief.  After calling
one of the arresting officers as a witness, appellant=s counsel called appellant as a witness.  Immediately after calling appellant as a
witness, appellant=s
counsel sought a ruling from the trial court precluding the State from offering
evidence of appellant=s
prior convictions because of the prosecution=s alleged failure to comply with Rule 404(b).   








A hearing
was held outside the presence of the jury regarding appellant=s complaint. 
The State argued that the enhancement paragraph in the indictment gave
appellant notice that the prosecution intended to present evidence of at least
one of his prior convictions.  The State
further relied upon a document that it filed on the morning of trial providing
notice under Rule 609(f).  The hearing
ended with the trial court informing appellant=s counsel that it believed that the evidence was admissible.  The trial court also invited appellant=s counsel to present additional authorities
regarding the matter.  The trial court
then took a recess for the rest of the day. 
The next day=s
proceedings commenced with appellant resting whereupon both sides closed
without additional evidence being offered during the guilt/innocence
phase.   In other words, there is no
definitive ruling from the trial court in the appellate record regarding the
admissibility of appellant=s prior convictions. 
Furthermore, no evidence of appellant=s prior convictions was offered during the guilt/innocence phase of
trial.  

Rule
404(b) provides that, upon timely request by the accused in a criminal case,
the prosecution must give reasonable notice in advance of trial of its intent Ato introduce in the State=s 
case-in-chief@
evidence of other crimes, wrongs, and acts other than that arising in the same
transaction.  Assuming that appellant
preserved error on his Rule 404(b) notice complaint, no error occurred in the
trial court under Rule 404(b).  The
State did not introduce any evidence of appellant=s prior convictions during its case-in-chief.  Moreover, appellant did not raise his notice complaint until
after the State rested its case-in-chief. 








TEX.R.EVID.
609 addresses the impeachment of witnesses by evidence of prior convictions.
Rule 609(f) provides that evidence of a witness=s conviction is not admissible if, after timely written request by the
adverse party, the proponent fails to give to the adverse party sufficient
advance written notice of its intent to use such evidence to provide the
adverse party with a fair opportunity to contest the use of such evidence.   The appellate record does not indicate that
appellant made an objection based on inadequate notice under Rule 609(f).  Additionally, the record does not indicate
that the trial court made a ruling on such an objection.  Furthermore, appellant did not testify.  In Morgan v. State, 891 S.W.2d 733, 735
(Tex.App. - Houston [1st Dist.] 1994, pet=n ref=d), the court held that a defendant must
testify in order to raise and preserve a claim of improper impeachment through
prior convictions.  We agree with the
ruling in Morgan.  We are unable
to conduct a sufficient harm analysis without 
a record of the testimony which appellant would have offered and without
the introduction of the prior convictions which appellant protests.   See TEX.R.APP.P. 44.2.  We find that appellant has not preserved
error regarding his notice complaint under Rule 609(f).  See TEX.R.APP.P. 33.1.

Moreover,
even if one assumes that appellant preserved his complaint under Rule 609(f),
the record does not demonstrate that the trial court committed error in this
regard.  A trial court=s conduct in deciding to permit impeachment
with prior convictions is reviewed under an abuse of discretion standard.  See Theus v. State, 845 S.W.2d 874, 881
(Tex.Cr.App.1992); Green v. State 55 S.W.3d. 633, 645 (Tex.App. - Tyler 2001,
pet=n ref=d), cert. den=d, ___ U.S. ___, 122
S.Ct.1366, 152 L.Ed.2d 360 (2002).  The
prosecution filed a notice under Rule 609(f) of its intent to offer evidence of
prior convictions for impeachment purposes prior to appellant testifying.  The court in Green held that notice
is timely under Rule 609(f) if it is given in advance of the witness=s testimony even though the notice is given
after the trial commences.  Green v.
State, supra at 645.  Appellant=s three issues on appeal are overruled.  

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT  

JUSTICE

 

June 20, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.