Affirmed as Modified and Opinion filed May 2, 2006









Affirmed as Modified and Opinion filed May 2, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00379-CR

____________

 

CEDRIC GLEN HECTOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1000656

 



 

O P I N I O N

Appellant Cedric Glen Hector appeals after
a jury convicted him of aggravated sexual assault on a child and assessed
punishment at ninety-nine years= imprisonment in
the Texas Department of Criminal JusticeCInstitutional
Division.  In three points of error,
appellant contends that the trial court erred in (1) entering an affirmative
finding that appellant used a deadly weapon; (2) allowing a witness=s testimony in
violation of the Rule; and (3) ruling that the State could impeach appellant
with prior convictions.  We affirm the
judgment as modified herein.








Background

Appellant is the former boyfriend of Kim,
the complainant=s mother. 
Appellant lived with Kim and her family for several years, during which
time he repeatedly molested the complainant, J.G.  J.G. testified that the first incident
occurred in 1999, when she was thirteen, and the last occurred in 2003, when
she was seventeen.  J.G.=s grandmother,
Patricia Maxwell, testified that she had seen appellant wrestle with the
complainant and touch her inappropriately. 
Chassidy Jordan, who temporarily lived with J.G.=s family,
testified that appellant made J.G. sit on his lap, touched  her inappropriately, and locked her in a
bedroom with him at night on multiple occasions.  According to J.G. and Jordan, appellant used
a knife to jam the locks on the bedroom doors so that no one could open them
while he was inside with J.G.[1]  

J.G. stated that she initially did not
tell anyone about the abuse because she was afraid that appellant would beat
her.  She also testified that when she
later told a cousin that appellant had been molesting her, the cousin called
the police; however, nothing materialized from the brief investigation.  J.G. testified that appellant molested her
for the last time a few days before a family barbeque.  At the barbeque, appellant and J.G. had an
argument about the boy J.G. was dating, and J.G. became extremely upset.  J.G. testified that she then called Maxwell
and told her that appellant had been molesting her for the past four
years.  Maxwell immediately drove to the
barbeque, picked up J.G., and drove to the police station.  On the way, they encountered an officer and
told him about the abuse.  

Appellant was charged with aggravated
sexual assault on a child.  The jury
found him guilty as charged and assessed punishment at ninety-nine years= incarceration.

 

 








Affirmative Finding on Use of a
Deadly Weapon

In his first point of error, appellant
argues that the judgment should be reformed because the trial court erred in
entering an affirmative finding that appellant used a deadly weapon.  We agree.

When, as here, the jury is the trier of
fact, the trial court may not properly enter an affirmative finding concerning
the defendant=s use of a deadly weapon unless: (1) the
deadly weapon has been specifically pled as such in the indictment; (2) the
weapon pled in the indictment is per se a deadly weapon; or (3) a special issue
is submitted and answered affirmatively. 
Polk v. State, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985).  The State concedes that there is no allegation
or evidence that appellant used a deadly weapon in the commission of the
offense, and our review of the record confirms this omission; therefore, the
trial court erred in entering the affirmative finding.  In such situations, an appellate court may
reform the judgment by deleting the improper deadly weapon finding and affirm
the judgment as modified.  French v.
State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Easterling v. State, 710
S.W.2d 569, 582 (Tex. Crim. App. 1986). 
Accordingly, we sustain appellant=s first point of
error and modify the judgment to delete the erroneous affirmative finding.

Witness Testimony in Violation of AThe Rule@

In his second point of error, appellant
argues that the trial court erred in allowing Kaichelle Bonner, J.G.=s cousin, to
testify in violation of Texas Rule of Evidence 614.  Known as Athe Rule,@ Rule 614 excludes
witnesses from the courtroom during trial to prevent the testimony of one
witness from influencing the testimony of another witness.  Russell v. State, 155 S.W.3d 176, 179
(Tex. Crim. App. 2005).  However, a trial
court may allow a witness to testify in violation of the Rule.  Bell v. State, 938 S.W.2d 35, 50 (Tex.
Crim. App. 1996).  As the Court of
Criminal Appeals stated in Archer v. State, 703 S.W.2d 664, 666 (Tex.
Crim. App. 1986):  








A violation of the rule may not be
relied upon for reversal of the case unless it is shown that the trial court
abused its discretion in allowing the alleged violative testimony to be
elicited at trial.  The ultimate test for
determining when an abuse of discretion has occurred is whether harm to the
defendant has resulted by allowing the violative testimony to be introduced.   

In Archer, the court articulated two criteria for
determining whether a defendant was prejudiced by a violation of the Rule: (1)
whether the witness actually heard the testimony of the other witnesses; and
(2) whether the witness=s testimony contradicted the testimony of the witnesses he
actually heard.  Id.  In Guerra v. State, 771 S.W.2d
453, 475 (Tex. Crim. App. 1988), the court expanded the test to read as
follows:

Did the witness=s testimony contradict the testimony
of a witness he actually heard from the opposing side or corroborate the
testimony of  another witness he actually
heard from the same side on an issue of fact bearing upon the issue of guilt or
innocence?   

The court stated that if these criteria were met, Aconsequential injury or prejudice
will flow from the objectionable testimony.@ 
Id. 








Bonner was present only during the
testimony of Patricia Maxwell and Chassidy Jordan.  The prosecutor, who stated that she had not
subpoened Bonner or met her before appellant=s trial began,
called Bonner as a rebuttal witness to refute the testimony of Rachelle  and Shirley Hatten, appellant=s sister and
mother.[2]  Rachelle testified that appellant appeared to
have a normal relationship with the complainant.  She also testified that she had never
witnessed any suspicious or inappropriate conduct by appellant and that neither
the complainant nor Kim had ever complained to her about appellant=s behavior.  Rachelle also denied warning appellant about
his interactions with the complainant and asserted that she had never asked Kim
to drop the charges against appellant.  Similarly,
Shirley testified that she had never noticed anything unusual about the way
appellant interacted with the complainant and that no one had complained to her
about appellant=s behavior.  Shirley also denied asking Kim to drop the
charges against appellant.

According to Bonner, however, Shirley had
described appellant=s relationship with the complainant as Abizarre,@  had 
expressed concerns that appellant acted like he was dating the
complainant, and had warned appellant to stay away from the complainant.  Bonner also testified that according to
Shirley, Kim Aneed[ed] to be more concerned with the
relationship between [appellant] and her daughter.@  Bonner also testified that she overheard a
conversation during which Rachelle asked Kim to drop the charges against
appellant and assured her that appellant=s family would
keep him away from the complainant. 
Because Bonner did not hear the testimony of the witnesses whose
testimony she contradicted, the trial court did not abuse its discretion in
allowing her testimony.  We overrule
appellant=s second point of error.

Impeachment With Prior Convictions

In his third point of error, appellant
argues that the trial court erred in ruling that the State could impeach him
with prior convictions under Rule 609 of the Texas Rules of  Evidence. 
Appellant argues that his prior convictions for possession with intent
to deliver illegal substances and burglary of a habitation were more prejudicial
than probative.  However, appellant has
failed to preserve this issue for appellate review.  A defendant must testify in order to be
impeached with prior convictions. 
Luce v. United States, 469 U.S. 38, 43 (1984); Jackson v. State,
992 S.W.2d 469, 479 (Tex. Crim. App. 1999); Morgan v. State, 891 S.W.2d
733, 735 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  Appellant did not testify at either stage of
his trial.  Therefore, appellant has
waived the Rule 609 argument on 

 








appeal.[3]  We overrule appellant=s final point of
error and affirm the judgment of the trial court as modified herein.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed May 2, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  There is no
evidence that appellant threatened J.G. with the knife or used it for any
purpose besides  jamming the doors.





[2]  The trial court specifically
limited the scope of Bonner=s testimony to the impeachment of these two witnesses.





[3]  Before
testifying, appellant made a  motion to
testify free from impeachment with prior convictions.  However, this does not alter our analysis of
appellant=s third point of error.  See Morgan, 891 S.W.2d at 733 (noting
that defendant refused to testify after the trial court ruled adversely on his
motion in limine regarding impeachment with prior convictions).