Opinion issued June 12, 2008








 





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00422-CR
  __________
 
KYLE EDWARD WHATLEY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 06CR2239
 

 
 
MEMORANDUM OPINION
           A jury found appellant, Kyle Edward Whatley, guilty of aggravated robbery,
and he was sentenced to life in prison. In two points of error, appellant argues that
(1) the evidence was insufficient to support the “deadly weapon” finding and (2) he
was denied effective assistance of counsel. We affirm. 
Background
          Around 3 a.m. on July 27, 2006, appellant entered a Kroger grocery store and
walked around for about 20 minutes. Appellant hid an electric toothbrush under his
shirt, walked toward the exit, and told the cashier, Christopher Green, to have a good
night. The sensor in the toothbrush triggered the store’s alarm, and Green asked
appellant to stop. Appellant refused to stop, and Green followed him into the parking
lot demanding that he stop. Appellant began to run, and Green followed until
appellant stopped, turned around, and pointed a pistol at Green. Appellant told Green
to get on the ground, but Green ran into the store to tell his manager that he thought
appellant was going to shoot and kill him.
          Green told the police that appellant was wielding a black semi-automatic pistol. 
Appellant was found later that morning, and a search of his car revealed a .177 caliber
Daisy CO2 powered BB pistol under the driver’s seat. A box of .177 caliber pellets
and a box of CO2 cartridges, with one cartridge missing, were found in the trunk. 
          Detective Robles of the Texas City Police Department’s Criminal Investigation
Division testified that he took appellant’s statement, and appellant admitted to the
crime and to pointing the BB gun at Green. He agreed that Green thought the gun
was real and was scared, and that he had intended to scare Green. Appellant admitted
that the BB gun looked real. 
          Officer Todd of the Texas City Police Department’s Criminal Investigation
Division performed multiple tests on the BB gun. He determined that appellant’s BB
gun meets the definition of a deadly weapon set forth in the Texas Penal Code. He
explained that appellant’s BB gun is CO2 powered, is more than powerful enough to
put out a person’s eye, and he would not consider the gun a toy. Officer Todd
acknowledged that the gun was not functioning properly when he first got it because
it did not load BBs from the magazine. However, after loading the gun in an
alternative way, he was able to test fire it and shoot.
          Detective Flores, a peace officer for 19 years, Sergeant Spottedbear, a peace
officer for 22 years and the tactical supervisor for Texas City Police Department’s
SWAT team, and Detective Robles, a peace officer for 10 years, all testified that they
consider BB guns to be deadly weapons, and, if one was pointed at them, they would
respond with deadly force.
          After hearing the evidence, the jury found that appellant used or exhibited a
deadly weapon in committing the robbery, and thus was guilty of aggravated robbery. 
After his conviction and sentencing, appellant timely appealed.  
 
Deadly Weapon
          In point of error one, appellant argues that the evidence was insufficient to
sustain a conviction for aggravated robbery. Specifically, appellant contends that the
State failed to prove that his BB gun was loaded and functioning.
Standard of Review



          In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if the proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination, i.e., that the
verdict seems “clearly wrong and manifestly unjust,” or the proof of guilt, although
legally sufficient, is nevertheless against the great weight and preponderance of the
evidence. Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006). We
note that a jury is in the best position to evaluate the credibility of witnesses, and we
are required to afford “due deference” to the jury’s determinations. Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006).
 
Analysis
          A person commits robbery if:
In the course of committing theft . . . and with the intent to obtain or
maintain control of the property, he:
 
(1) intentionally, knowingly, or recklessly causes bodily injury
to another; or
 
(2)intentionally or knowingly threatens or places another in
fear of imminent bodily injury or death. 

Tex. Penal Code Ann. § 29.02 (Vernon 2003). A person commits aggravated
robbery if he commits robbery as defined in Section 29.02, and he uses or exhibits a
deadly weapon. Tex. Penal Code Ann. § 29.03 (a) (2) (Vernon 2003). Appellant’s
indictment read that he, “in the course of committing theft of property and with intent
to obtain or maintain control of said property, [did] intentionally or knowingly
threaten or place Christopher Green in fear of imminent bodily injury or death, and
[appellant] did then and there use or exhibit a deadly weapon, to-wit: a BB pistol.” 
          Relying on Holder v. State, 837 S.W.2d 802 (Tex. App.—Austin 1992, pet.
ref’d), appellant argues that there was insufficient evidence to prove that the BB
pistol was, “in the manner of its use or intended use . . . capable of causing death or
serious bodily injury.” Id. at 807. He further contends that, “because the State failed
to prove that the pistol was loaded or even functioning it failed to prove that the pistol
was capable of causing serious bodily injury in the manner of its use.”
          The evidence that appellant displayed the BB gun to the convenience store
clerk and that the gun was capable of causing serious bodily injury if pointed and
fired at someone is sufficient to support the jury’s deadly weapon finding. See Adame
v. State, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002). Whether appellant’s BB gun
was loaded or unloaded is not significant in this analysis. Id. What is significant is
that appellant’s BB gun was capable of causing serious bodily injury. See id.; McCain
v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (“an object is a deadly weapon
if the actor intends a use of the object in which it would be capable of causing death
or serious bodily injury”); Campbell v. State, 577 S.W.2d 493, 495–96 (Tex. Crim.
App. 1979) (although State apparently did not put on any evidence that air pistol was
loaded, court upheld finding air pistol was deadly weapon because it was designed
to fire a projectile that could kill a person and because defendant pointed it at
complainant, demanded money, and threatened to kill complainant if he tried to run).
          Officer Todd conducted extensive tests on the BB gun. He placed an
aluminum can three feet away with cardboard behind it with a concrete wall behind
the cardboard. The BBs from the gun went through the can and the cardboard and
were stopped by the concrete. He testified that both sides of the aluminum can would
be of greater thickness and density than human skin. Officer Todd performed another
test where he put five millimeter thick plywood against cardboard. He shot the BBs
from point blank range, 10 inches, and 12 inches. Each time, the BBs penetrated the
plywood and the cardboard and were, once again, stopped by the concrete wall. 
Lastly, Officer Todd shot a thin phone book from point blank, 6 inches, and 12
inches. All BBs penetrated the book.
          Officers Todd and Reyes, Detectives Robles and Flores, and Sergeant
Spottedbear all testified that, based on their training and experience, they would
consider appellant’s BB gun to be a deadly weapon. They also testified that, if the
BB gun was pointed at them, they would respond with deadly force. Accordingly, we
hold that there was factually sufficient evidence to support the finding that appellant’s
BB gun was a deadly weapon. 
          Appellant also argues that the State was required to prove that the weapon was
functioning properly at the time of the offense. We disagree. 
          Here, the BB gun was a deadly weapon by design. See Tex. Penal Code Ann.
§ 1.07(a)(17) (Vernon Supp. 2007) (deadly weapon is “anything manifestly designed,
made, or adapted for the purpose of inflicting death or serious bodily injury”) . If the
State alleges and proves that a weapon falls within this category, “it is not necessary
to verify that the object was really capable of causing death.” Adame, 69 S.W.3d at
583 (Meyers, J., concurring) (citing Thomas v. State, 821 S.W.2d 616, 620 (Tex.
Crim. App. 1991)); see also Wright v. State, 582 S.W.2d 845, 847 (Tex. Crim. App.
1979).
          Here, the charge defined “deadly weapon” as “a firearm or anything manifestly
designed, made, or adapted for the purpose of causing death or serious bodily injury,
or anything that in the manner of its use or intended use is capable of causing death
or serious bodily injury.” Officer Todd testified that the BB gun’s website noted,
“Warning. Not a toy . . . . Misuse or careless use may cause serious injury or death.” 
Officer Todd further explained that, initially, the BB gun was not functioning
properly because it did not load BBs from the magazine. He was able to load a single
pellet down the barrel of the weapon and use a small wire to push the pellet down so
that it could be fired. At first, he had trouble loading BBs into the weapon’s
magazine, but was able to load one BB at a time down the barrel of the gun to fire it. 
After he did this a few times, he was able to load BBs into the magazine. 
Accordingly, we conclude that the weapon was capable of causing serious bodily
injury.
           We overrule point of error one.
Ineffective Assistance of Counsel
          In point of error two, appellant asserts that he was denied effective assistance
of counsel because his “trial counsel failed to object to the jury charge as given to the
jury, and failed to request a jury charge on the lesser included offense of robbery as
was clearly warranted by the evidence given at trial of Appellant’s case.”
Standard of Review
          To prove ineffective assistance of counsel, appellant must show that (1)
counsel’s performance fell below an objective standard of reasonableness and (2), but
for counsel’s unprofessional error, there is a reasonable probability that the result of
the proceeding would have been different. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim.
App. 2005); Chambers v. State, 903 S.W.2d 21, 33 n.16 (Tex. Crim. App. 1995)
(applying Strickland standard to claim of ineffective assistance arising from error in
voir dire). “Reasonable probability” means a “probability sufficient to undermine
confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.
          Appellant must prove ineffective assistance by a preponderance of the evidence
and must overcome the strong presumption that counsel’s conduct falls within the
wide range of reasonably professional assistance or might reasonably be considered
sound trial strategy. Robertson v. State, 187 S.W.3d 475, 482–83 (Tex. Crim. App.
2006); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). A failure to make a showing under either prong defeats a claim for ineffective
assistance. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).
          We consider the totality of the representation and consider its adequacy as
viewed at the time of trial, not through hindsight. Robertson, 187 S.W.3d at 483.
Isolated instances of errors of commission or omission will not render counsel’s
performance ineffective. Id.
Analysis
          Appellant contends that “the first [Strickland] prong is met when defense failed
to identify a lesser included offense and at the formation of the jury charge he failed
to request a jury instruction on robbery.” The jury charge in appellant’s case in fact
actually includes a lesser-included offense. The verdict form of the charge includes
options for aggravated robbery, robbery, and acquittal. Having failed to show that 
counsel’s performance fell below an objective standard of reasonableness, we
overrule point of error two.
Conclusion
          We affirm the trial court’s judgment.


                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).