**E. C. CRISP, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43865.**

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied Sept. 16, 1971.

Baker & Coltzer by Andrew Z. Baker, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., M. Bruce Fort, Asst. Dist. Atty., Galveston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated assault; the jury assessed the punishment at two years.

Dennis Byrd testified that late on the night of January 11, 1969, he was in Galveston and was returning home from a date and driving a white, 1965 Chevrolet Impala. He noticed a light tan 1955 Chevrolet being driven by the appellant, about a block ahead of him down the street, and he stayed about a block behind the vehicle. The appellant's car pulled over to the curb and Byrd proceeded on past him and drove into the alley behind his house and up to the garage. At this time he noticed the appellant's car come around the corner. Byrd parked in front of the garage and turned the car lights off. The appellant stopped in front of the alley, stuck a gun out of the car window and fired a shot at Byrd, hitting the left front headlight, and then drove off. Byrd then followed the appellant to another house and called the police.

The appellant took the stand in his own behalf and testified that during the first week of January of 1969 he and his wife were having difficulties and separated. He had visited some lounges looking for his wife and had noticed a small foreign blue car and a white pickup following him. He testified that he believed he was being followed by friends of his wife's boyfriend, and was alarmed by this and would pull over to the curb and turn off the car lights

to try to prevent them from following him. When Byrd's car passed, he followed it to the alley because he believed Byrd was following him and he wanted to make Byrd stop. When he saw Byrd parked in front of the garage, he fired the shot at the car to keep Byrd from following him. He testified, however, that he did not know who was in the car. He also testified that he did not know Byrd and had never seen him before and that he carried the pistol "because people downtown within a prior week, had been following me and trying to curb me up in town."

The appellant first complains because the court denied his requested charge on self-defense.

■ The evidence in this case, however, fails to raise the issue. It does not show that when the appellant fired the shots he believed himself or anyone present to be in danger of unlawful violence against his person or property at the hands of Byrd. Therefore, the failure to give the requested charge was not error. Williams v. State, 170 Tex.Cr.R. 599, 343 S.W.2d 266; Cooper v. State, Tex.Cr.App., 455 S.W.2d 273; Dark v. State, Tex.Cr.App., 406 S.W.2d 457; Duhart v. State, 167 Tex.Cr.R. 150, 319 S.W.2d 109.

The appellant's first ground of error is overruled.

The second ground of error complains of the admission of several prior convictions of the appellant at the guilt stage of the trial.

"Like any other witness, the defendant in a criminal case who testifies in his own behalf may be shown, by questions put on cross-examination, or, in a proper case, by proof independently of the defendant, to have been previously convicted of a crime involving moral turpitude at not too remote a time. But this evidence is admissible only for its discrediting value, and it may not be received for any other purpose." 62 Tex.Jur.2d 375, Sec. 338. See: Art. 38.29, Vernon's Ann.C.C.P.

"Just as when it is sought to impeach any other witness in this way, remoteness of the accused-witness's prior conviction may preclude a showing thereof. Whether a previous conviction is too remote to impair the defendant's credibility is not to be arbitrarily determined by the lapse of time alone, but the intervening conduct of the accused is a pertinent subject of inquiry and often determines whether the proof is admissible or too remote. More broadly stated, the rule is that, regardless of the time element, the facts of each case must be looked to and considered in determining the question of remoteness." 62 Tex.Jur. 2d 380, Sec. 340.

On cross-examination, it was elicited from the appellant the following facts:

(1) The appellant had been convicted of felony offense of DWI on May 7, 1962.

(2) He had been convicted of the misdemeanor offense of receiving and concealing stolen property on September 8, 1961.

(3) He was convicted for violation of the Mann Act on February 3, 1956.

The date of the instant trial was March 9, 1970. The appellant contends that the prior federal conviction of 1956 was too remote to be admissible for impeachment purposes.

In Gill v. State, 147 Tex.Cr.R. 392, 181 S.W.2d 276, this Court stated the rule as follows:

"The question of remoteness is usually to be determined in the light of the particular facts of each case, especially regarding subsequent conduct of the convict. If there be evidence showing a lack of reformation, or the subsequent conviction of another felony, then the prior conviction is not deemed subject to the objection of remoteness."

In Courtney v. State, Tex.Cr.App., 424 S.W.2d 440, this Court upheld the admission of a 22 year-old conviction where

three offenses were committed seven years apart in 1945, 1952, and 1959 and the trial in the main offense was in 1967. The court found that, under the circumstances, the convictions were not too remote.

In King v. State, Tex.Cr.App., 425 S.W. 2d 356, this Court held that, "There being no period of more than 8 years between the prior convictions, the contention that they were too remote is without merit."

The State proved that the appellant had been convicted of a felony about seven years and ten months prior to the date of trial and that he had been convicted of a misdemeanor involving moral turpitude about eight months earlier. The Mann Act violation was only five years earlier.

In view of the short time elapsing between each offense, there is evidence of a lack of reformation, and the prior offenses are not too remote.

The appellant's second ground of error is overruled.

The judgment is affirmed.