Samuel Earl WHITAKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–93–01138–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 12, 1995.

Greg Valasquez, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

A jury found appellant, Samuel Earl Whitaker, guilty of the felony offense of delivery of cocaine in an amount of less than 28 grams (TEX.HEALTH & SAFETY CODE ANN. § 481.112)[1]. After appellant pleaded true to the enhancement allegations in the indictment, the court found the enhancements to be true and sentenced appellant to 30–years imprisonment. In three points of error, appellant contends (1) that the trial court erred in failing to grant appellant's Motion for Instructed Verdict because the evidence was insufficient to sustain the conviction for Delivery of a Controlled Substance, to-wit: cocaine, (2) that the evidence was insufficient to sustain a conviction of Delivery of a Controlled Substance, to-wit: Cocaine, based on the charge given to the jury, and (3) that the trial court erred in denying appellant's Motion to Testify Free of Prior Convictions. We affirm.

A challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction. We will consider both the first and second points of error together. In reviewing the sufficiency of the evidence to support a conviction, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2787–88, 61 L.Ed.2d 560 (1979); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App. 1991). In conducting this review, we cannot re-evaluate the weight and credibility of the evidence, but act only to ensure that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). This court may not sit as a thirteenth juror and reweigh the evidence. *Moreno*, 755 S.W.2d at 867. It is within the jury's power to determine whether the cumulative force of the incriminating evidence against the defendant merits a guilty verdict. See *Harris v. State*, 738 S.W.2d 207, 220 (Tex.Crim.App. 1986), *cert. denied*, 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). If there is evidence that establishes guilt beyond a reasonable doubt, this court is not in a position to reverse the judgment on sufficiency of the evidence grounds. *Moreno*, 755 S.W.2d at 867.

The record reveals that on March 25, 1993, R.G. Chaison, a narcotics officer for the City of Houston Police Department (H.P.D.) called appellant Whitaker on a pay telephone by making the call to a digital pager with a number he had been furnished by a confidential informant. Whitaker, called him back the same day, and Officer Chaison set up a "narcotics buy." Officer Chaison testified he recognized Whitaker's voice over the telephone because he had met him the day before. Over the telephone, Whitaker agreed

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised Health and Safety Code. *See* Acts 1993, 73rd Leg., ch. 900, Sec.

2.02. Therefore, all references to the Health and Safety code are to the code as in effect at the time the crime was committed.

to meet Officer Chaison at a store and "the deal was made for 100 dollars worth of crack cocaine." The call was placed at 2:30 p.m. and the meeting was set for one hour later. Whitaker arrived that day at 3:30 p.m. as a passenger in an old yellow Cadillac driven by Darryl Harris. Only Harris and Whitaker were in the car; Whitaker was sitting on the passenger side of the car. Officer Chaison asked Whitaker if he had "the stuff," and Whitaker replied that he did have it. Whitaker motioned to Harris who got out of the car, got into the back seat, retrieved the crack cocaine from behind the speaker in the back seat of the car. Harris then returned to the front seat, handed the same cocaine to Whitaker and Whitaker handed it to Officer Chaison. Officer Chaison handed Whitaker a $100.00 bill and Whitaker passed the bill to Harris. Whitaker stated on the record that he did not wish to testify and he did not testify at the trial. The only witness for Whitaker was Darryl Harris. The attorney for Whitaker asked Harris on the witness stand about his three prior felony convictions, to-wit: two delivery of cocaine convictions and one possession of cocaine conviction and he admitted that he had in fact been convicted of these offenses. Harris then testified that it was he, not Whitaker, that gave the dope to Officer Chaison and took the money and that Whitaker did not handle either the dope or the money. Harris further testified that Whitaker was not part of the deal and that he didn't share the money, assist or encourage him (Harris) in any way. Harris further testified that he tore up the $100.00 bill when he realized the buyer was a "cop." Harris further testified that a "guy" named "Charleston" made the deal on the telephone with Officer Chaison and that he (Harris) was parked in front of Whitaker's house talking to Charleston when Whitaker came out and asked him for a ride to the store. No one else, including "Charleston" testified for the defense.

Officer A.B. Laws, a narcotics officer for the City of Houston Police Department testified that he was a "cover man" stationed in a white "arrest" van about 75 to 100 yards from the crime scene and observed Harris get out of the car, go to the back of the car and then go to the front of the car. He saw Officer Chaison back away from the car and the car leave. Officer Laws alerted the arrest team for a "take down" by using his walkie-talkie.

Officer S.J. Sanders of the arrest team observed Harris tearing up the $100.00 bill and recovered the pieces.

Avelina DeJesus, analytical chemist for the Houston Police Department, testified that the substance analyzed by her was 1.2 grams of cocaine, 72.5 percent pure.

■■■ Appellant contends that he was merely present at a drug delivery and there was no evidence to show an actual delivery of a controlled substance. The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981). The jury could choose to believe or not believe the witness, or any part of his testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The jury, having found the appellant guilty of actual transfer of the cocaine, necessarily believed that appellant handed the cocaine to Officer Chaison.

After reviewing the evidence in the light most favorable to the verdict, we find the evidence was sufficient to establish appellant actually transferred the cocaine to Officer Chaison. Points of error one and two are overruled.

■■■ In his third point of error, appellant contends that the trial court erred by ruling it would allow the State to impeach appellant with prior felony convictions. Appellant argues that those convictions were more prejudicial than probative, contrary to TEX.R.CRIM. EVID. 609(a) which provides:

For the purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, *and the court determines that the probative value of admitting this evi-*

*dence outweighs its prejudicial effect to a party.* (emphasis added).

The court conducted a hearing on appellant's Motion to Testify Free from Impeachment by Prior Convictions after the testimony of three officers in the morning session of the trial. The court had informally ruled, prior to the beginning of the trial, that the prior convictions would be admissible. The two prior convictions were recent (1990 and 1991), they were both for possession of cocaine, and the sentence in each was four years in TDCJ–ID. The court found the two prior convictions to be "not exactly similar to the incident offense" and that "the probative value outweighs the prejudicial effect on each of the convictions" and allowed the prior convictions to be admitted. Appellant, in his brief, argues the two possession of a controlled substance convictions would cause the jury to necessarily perceive appellant as a person that is involved with controlled substances because the two crimes are almost similar and thus will militate against admission.

Although the State does not argue it, appellant did not preserve this error for review. Because appellant chose not to testify, *he was never actually impeached with evidence of the prior convictions.* Instead, he objected to the court's ruling on his motion *in limine,* and stated to the court, out of the presence of the jury, that he did not wish to testify. In reviewing a trial court's decision to admit prior convictions, we will reverse only upon a showing of a clear abuse of discretion. *Theus v. State,* 845 S.W.2d 874, 881 (Tex.Crim.App.1992).

 The Court in *Rogers v. State,* 795 S.W.2d 300, 307 (Tex.App.–Houston [1st Dist.] 1990, pet. ref'd) held that appellant did not preserve error when he relied on a motion *in limine* but did not take the stand. The general rule is that a motion *in limine* does not preserve error. *See Gonzales v. State,* 685 S.W.2d 47, 50–51 (Tex.Crim.App.), *cert. denied,* 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985); *Rogers,* 795 S.W.2d at 307. The *Rogers* court, however, did not specifically address prior convictions. In the recent case of *Morgan v. State,* 891 S.W.2d 733 (Tex.App.–Houston [1st Dist.] 1994, pet.

ref'd), the Court reaffirmed the holding of *Rogers,* and specifically held that a defendant must testify in order to raise and preserve a claim of improper impeachment through prior convictions. Since Whitaker failed to testify and there was no resulting impeachment evidence presented by the State, there is no basis for appellant's claim of improper impeachment through prior convictions. Appellant's third point of error is overruled.

We affirm the judgment of the trial court.