ACCEPTED
14-14-00568-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/5/2015 11:01:56 AM
CHRISTOPHER PRINE
CLERK

CASE NO. 14-14-00568-CR

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

8/5/2015 11:01:56 AM

CHRISTOPHER A. PRINE
Clerk

IN THE 14th COURT OF APPEALS

AT HOUSTON, TEXAS

MARCUS BROOKS,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

Appealed from the
230th Judicial District Court
Harris County, Texas
Cause No. 1408106

The Honorable Brad Hart,
Judge Presiding

BRIEF FOR APPELLANT

**ORAL ARGUMENT IS WAIVED**

KURT. B. WENTZ
5629 Cypress Creek Parkway
Suite 115
Houston, Texas 77069
E-mail: kbsawentz@yahoo.com
281/587-0088
TBA: 211779300
ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL                                          3

STATEMENT REGARDING ORAL ARGUMENT                                        3

INDEX OF AUTHORITIES                                                     4-5

STATEMENT OF CASE                                                        6

POINTS OF ERROR                                                         6-7

STATEMENT OF FACTS                                                      7-13

SUMMARY OF ARGUMENT                                                      13

POINT OF ERROR NO. 1 RESTATED AND ARGUMENT  AND
AUTHORITIES IN SUPPORT OF POINT OF ERROR NO. 1                          14-22

> The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions in a hearing outside the presence of the jury.

POINT OF ERROR NO. 2 RESTATED AND ARGUMENT AND
AUTHORITIES IN SUPPORT OF POINT OF ERROR NO. 2                          22-25

> The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions by ruling that in addition to the appellant's recent felony tampering and forgery convictions his 1993 burglary of a habitation conviction would also be admissible under Tex. R. Evid. 609.

POINT OF ERROR NO. 3 RESTATED AND ARGUMENT AND
AUTHORITIES IN SUPPORT OF POINT OF ERROR NO. 3                          25-28

> The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions and holding that his 2002 misdemeanor theft conviction, 1993 burglary of a habitation conviction, 1990 burglary of a habitation conviction, 1989 burglary of a habitation conviction, and 1988 burglary of a motor vehicle conviction were each admissible for the purpose of impeachment under Tex. R. Evid. 609.

1

POINT OF ERROR NO. 4 RESTATED AND ARGUMENT AND
AUTHORITIES IN SUPPORT OF POINT OF ERROR NO. 4                      26-28

The trial court abused its discretion in denying the appellant's Motion
to Testify Free from Impeachment by Prior Convictions and that his 2002
misdemeanor theft conviction, 1993 burglary of a habitation conviction,
1990 burglary of a habitation conviction, 1989 burglary of a habitation
conviction, and 1988 burglary of a motor vehicle conviction were
admissible for the purpose of impeachment under Tex. R. Evid. 609
because of the cumulative harm generated by this error.

PRAYER                                                             29

CERTIFICATE OF SERVICE                                            29

CERTIFICATE OF COMPLIANCE                                         29

## IDENTITY OF PARTIES AND COUNSEL

1.     The appellant is Marcus Brooks who is incarcerated in the Estelle Unit of the Institutional Division of the Texas Department of Criminal Justice.

2.     The trial attorneys for the State of Texas were Kristina Daily and Lisa Calligan whose address is 1201 Franklin, 6th Floor, Houston, Texas 77002.

3.     The trial attorney for the appellant was Michelle Beck whose address is 1314 Texas Avenue, Suite 1200, Houston, Texas 77002.

4.     The trial judge was The Honorable Brad Hart whose address is 1201 Franklin, 16th Floor, Houston, Texas  77002.

5.     The appellate attorney for the State of Texas is Alan Curry, Assistant District Attorney, whose address is 1201 Franklin, 6th Floor, Houston, Texas  77002.

6.     The appellate attorney for the appellant is Kurt B. Wentz whose address is 5629 Cypress Creek Parkway, Suite 115, Houston, Texas  77069.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39.1(e) and 39.7, the appellant waives oral argument.

# INDEX OF AUTHORITIES

## CASES

Page

*Bryant v. State*, 997 S.W. 2nd 673, 676 (Tex. App. – Texarkana 1999)   16

*Bustillos v. State*, 464 S.W. 2nd 118, 124 (Tex. Crim. App. 1971)   15

*Chitwood v. State*, 350 S.W. 3rd 746, 749 (Tex. App. – Amarillo 2011)   16

*Crisp v. State*, 470 S.W. 2nd 58, 59, 60 (Tex. Crim. App. 1971)   15

*Geuder v. State*, 115 S.W. 3rd 11, 13 (Tex. Crim. App. 2003)   19

*Hankins v. State*, 180 S.W. 3rd 177, 179 (Tex. App. – Austin 2009)   16

*King v. State*, 953 S.W. 2nd 266, 271 (Tex. Crim. App. 1997)   17

*Leyba v. State*,416 S.W. 3rd 563, 599 (Tex. App.–Houston[14th Dist.]2003)   16,24,26-28

*Linney v. State*,401S.W. 3rd 764,782-83(Tex. App.–Houston[1st Dist.]2013)   27

*Long v. State*,245 S.W. 3rd 563,573(Tex. App –Houston [1st Dist.] 2007)   20

*Luce v. U.S.*, 469 U.S. 38, 43 (1984)   20,21,24

*Martinez v. State*, 98 S.W. 3rd 189, 193 (Tex. Crim. App. 2003)   19

*McClendon v. State* 509 S.W. 2nd 851, 855-57 (Tex. Crim. App. 1974)   15

*Morgan v. State*, 891 S.W. 2nd 733 (Tex. App. – Houston [1st Dist.] 1994)   20,21

*Motilla v. State*, 78 S.W. 3rd 352, 355 (Tex. Crim. App. 2002)   17

*Solomon v. State*, 49 S.W. 3rd 356, 365 (Tex. Crim. App. 2001)   17

*Stahl v. State*, 749 S.W. 2nd 826, 832 (Tex. Crim. App. 1988)   25.27

*Theus v. State*, 845 S.W. 2nd 874, 880 (Tex. Crim. App. 1992)   16,17-19,20,24

*Whitaker v. State*,909 S.W.2nd 259,262(Tex. App.–Houston[14th Dist.]1995) 20,25

STATUTES

*Tex. R. Evid. 902(10)*                               10

*Tex. R. Evid. 609(a)*                               13-16,19,21

*Tex. R. Evid. 609(b)*                               13,16,18,23-24,26

*Tex. R. Evid. 103(a)(1)*                             19

*Tex. R. App. P. 44.2(b)*                             17

## STATEMENT OF CASE

The appellant was indicted for the offense of injury to a child. The indictment contained two additional paragraphs for the purpose of the enhancing punishment. (1CR 13).

On April 11, 2014 the trial court granted the State's Motion to Amend Indictment correcting the name of the complaining witness. (1CR 50).

The jury found the appellant guilty of injury to a child. (1CR 175).

On July 2, 2014 the jury sentenced the appellant to 60 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. (1CR 87).

On July 2, 2014 the Appellant gave notice of appeal. (1CR 195).

On July 2, 2014 the trial court certified the appellant's right to appeal. (1CR 196).

On July 2, 2014 the trial court found the appellant remained indigent and appointed counsel to represent him on direct appeal. (1CR 197).

## POINTS OF ERROR

### POINT OF ERROR NO. 1

The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions in a hearing outside the presence of the jury.

### POINT OF ERROR NO. 2

The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions by ruling that in addition to the appellant's

6

recent felony tampering and forgery convictions his 1993 burglary of a habitation conviction would also be admissible under Tex. R. Evid. 609.

## POINT OF ERROR NO. 3

The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions and holding that his 2002 misdemeanor theft conviction, 1993 burglary of a habitation conviction, 1990 burglary of a habitation conviction, 1989 burglary of a habitation conviction, and 1988 burglary of a motor vehicle conviction were each admissible for the purpose of impeachment under Tex. R. Evid. 609.

## POINT OF ERROR NO. 4

The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions and that his 2002 misdemeanor theft conviction, 1993 burglary of a habitation conviction, 1990 burglary of a habitation conviction, 1989 burglary of a habitation conviction, and 1988 burglary of a motor vehicle conviction were admissible for the purpose of impeachment under Tex. R. Evid. 609 because of the cumulative harm generated by this error.

## STATEMENT OF FACTS

### State's Evidence at Guilt/Innocence

Tee's[1] mother, Susan Cannon, met Mr. Brooks in May 2013 and lived with him briefly before returning to live with her mother in August.  (3RR 17, 20, 22).

---

1    To safeguard the confidentiality of the complaining witness' identity the pseudonym "Tee" will be used throughout to identify the complainant.

Both received disability, she for depression and the appellant for blindness although she denied he ever used glasses or a cane. She reported Mr. Brooks was able to ride the bus as well as a bicycle. (3RR 17, 21, 37, 39, 40). Tee also received disability for an infant tracheal problem and ADHD. (3RR 38).

The couple continued to date after separating and met at her friend Patty's apartment because she did not want Mr. Brooks to know where she lived and did not really want to date him anymore. (3RR 23, 43). Ms. Cannon denied meeting at Patty's because her mother did not like her dating an African-American. (3RR 42).

On November 9, 2013 Ms. Cannon and Tee went to Patty's to attend a party. After consuming five or six beers Ms. Cannon began to argue with Mr. Brooks on the patio expressing a desire to end their relationship. As the argument ensued she refused to return his food stamp book and bus pass. (3RR 23, 26, 28). After approximately 30 minutes Tee came out of the apartment onto the patio and tried to separate the couple after which he sat in a chair by the door. (3RR 30).

Tee's mother allowed he carried a butcher's knife with him when he stepped onto the patio and refused to put it down until she disarmed the 5' 3", 188 lb. youth. (3RR 59, 63, 57). Ms. Cannon recalled when the appellant dropped his cell phone Tee kicked it precipitating the alleged assault during which the appellant purportedly punched the youth six times in the face and stomach causing bleeding and bruising. (3RR 76, 31, 36).

Tee confirmed going to Patty's apartment with his mother on November 9th but remembered 15 people being at the party, not just the five that she recalled. (3RR 94,

8

25). He also allowed Mr. Brooks was blind, but never used a cane and got to the party by riding a bike. (3RR 103).

Tee recalled that an argument between he and his mother preceded Ms. Cannon's argument with the appellant. Ms. Cannon was still angry when she left her son and went outside onto the patio. (3RR 105). When Tee heard them argue he got a butcher knife from the kitchen fearing the couple would become physical in their dispute. (3RR 92). However, he hid the knife behind his back when he ventured outside and sat in the chair by the door. (3RR 93).

Tee denied hitting, kicking or threatening Mr. Brooks, or kicking his cell phone before the appellant's assault. (3RR 96, 97, 101). Only after the appellant struck him did Tee kick the appellant. (3RR 109). Tee recalled Mr. Brooks avoided being thrown off the patio by his mother only by grabbing a nearby pole. (3RR 99).

After calling 911 and forcibly removing Mr. Brooks from Patty's apartment, Ms. Cannon took her son to the emergency room at Memorial Hermann where he returned the following day when he complained of headaches. (3RR 35). The 911 call, hospital records, and family photographs of the alleged injuries were admitted into evidence. (3RR 33, 77, 79). The hospital records indicated a diagnosis and clinical impressions of "facial contusions", "physical assault", and "contusions to his face" following a complaint that "mother's BF punched him in the left side of face." (State's Exhibit – No. 1, p. 5, 8, 7, 14). Photographs confirmed a cut, swollen lip and puffiness to the left side of the youth's face. (See State's Exhibit Nos. 8, 9, 10 and 15).

9

H.P.D. Officer Wesley Blevens, hereinafter "Blevens", did not learn of the specifics of his dispatch until arriving at Patty's apartment. (3RR 120). H.F.D. paramedics recommended further medical care. (3RR 125). Blevens recalled Tee's lip and the left side of his face appeared to have been struck multiple times. (3RR 122). Residents at the complex reported the suspect had fled to the rear of the complex where his car was parked. (3RR 125).

Blevens found Mr. Brooks without glasses, walking stick, or cane. (3RR 133). Mr. Brooks was never seen riding a bike, and no bike or car was ever found by the officer.

H.P.D. Sgt. John Jones, hereinafter "Jones", recalled Tee and his mother coming to the station the following day to have photographs taken of the youth's injuries. (3RR 144). Although he had no personal knowledge of the incident, Jones took the requested photographs and noticed the left side of the youth's face was swollen. (3RR 146).

### Appellant's Evidence at Guilt/Innocence

Various records relating to the appellant's eye problems were not admitted into evidence through private investigator Ron Kelly as they had not been timely filed pursuant to *Tex. R. Evid. 902(10)* and constituted hearsay as the private investigator was not the custodian of the records. (4RR 16).

Mr. Brooks' mother, Carrie Brooks, recalled he had had eye problems since birth. (4RR 23). However, the problems became more serious in 2010 when he was diagnosed with keratoconus. (4RR 22).

10

She accompanied her son to various doctors and clinics and assisted him in obtaining Social Security in 2012. (4RR 23). Prior to this the Department of Assistive and Rehabilitative Services had aided the appellant in obtaining contact lenses, shades, and canes. (4RR 24).

Ms. Brooks described how the appellant used a "stick" when he was at her house and other places with which he was not familiar. (4RR 27). Her son could not drive, and she had never seen him ride a bicycle. (4RR 40). She allowed she drove the appellant to Patty's apartment the day of the complained-of incident. (4RR 50).

After listening to a recorded jail conversation with her son Ms. Brooks recalled talking with him about the case. (4RR 47).

After the court denied the appellant's Motion to Testify Free from Impeachment by Prior Convictions and ruled that all of his felony and misdemeanor convictions involving moral turpitude dating back to 1988 could be used to impeach him, Mr. Brooks declined to testify. (4RR 52, 55).

The appellant rested. (4RR 67).

### State's Evidence in Rebuttal

Ms. Brooks recalled listening to a recorded jail conversation with her son in which he advised her his private investigator raised the issue of his blindness, and the need to have her "verify" the problem. (4RR 68, 69). However, the appellant never asked his mother to lie for him. She confirmed her earlier estimates as to his ability to see. (4RR 69, 70).

The State rested and closed. (4RR 70).

11

The defense rested and closed.  (4RR 70).

## Verdict

The jury found the appellant guilty.  (4RR 87).

## State's Evidence at Punishment

The appellant pled true to the enhancement paragraphs contained in the indictment. (5RR 5).

Through a comparison of the appellant's known fingerprints with the unknown fingerprints found on the pen packets and judgments in State's Exhibits 19 through 26 the State was able to establish that Mr. Brooks had been previously convicted and sentenced in the following cases:

| States Exhibit # | Volume # | Date of Conviction | Date of Offense | Offense | Case No. | Court No. | Sentence |
|---|---|---|---|---|---|---|---|
| 19 | 7RR 16 | 8-12-11 | 1-7-11 | Felony Tampering | 1291361 | 339th | 2 yrs  TDCJ |
| 20 | 7RR 17 | 5-20-03 | 5-10-03 | Forgery | 948352 | 183rd | 2 yrs TDCJ |
| 21 | 7RR 18 | 11-11-02 | 8-14-02 | Failure ID | 1130561 | 10 | 60 days HCJ |
| 22 | 7RR 19 | 11-11-02 | 8-14-02 | Theft | 1130560 | 10 | 60 days HCJ |
| 23 | 7RR 20 | 03-31-93 | 4-30-92 | Burglary Habitation | 631540 | 178th | 15 yrs TDCJ |
| 24 | 7RR 21 | 10-16-90 | 10-12-90 | Burglary Habitation | 578238 | 176th | 10 yrs TDCJ |
| 25 | 7RR 22 | 10-27-89 | 10-04-89 | Burglary Habitation | 543926 | 262nd | 6 years TDCJ |
| 26 | 7RR 23 | 11-07-88 | 11-05-88 | BMV | 514854 | 209th | 9 Mos. HCJ |

Blevins further provided after initially confronting the appellant Mr. Brooks became aggressive.  Before he could tazor the suspect Mr. Brooks ran from the uniformed officer through the apartment complex.  (5RR 12).  During their ensuing

struggle the appellant threatened to "kill" the officer before he was subdued with the assistance of two other officers and pepper spray. (5RR 14, 15). Blevens was treated for facial lacerations at Ben Taub Hospital as a result of his struggles with the appellant. (5RR 24). His black eye lasted for three weeks and the laceration of his neck about a week. (5RR 17).

The State rested on punishment. (5RR 20).

### Appellant's Evidence at Punishment

Mr. Brooks presented no evidence at punishment.

The appellant rested on punishment. (5RR 20).

### Sentence

The jury sentenced the appellant to 60 years confinement in the Institutional Division of the Texas Department of Criminal Justice. (5RR 35).

### SUMMARY OF ARGUMENT

The harm generated by the trial court's abuse of discretion in denying Mr. Brooks' Motion to Testify Free from Impeachment by Prior Convictions allowing him to be impeached with recent felonies for tampering and forgery under *Tex. R. Evid. 609(a)* was exacerbated when the lower court ruled his 2002 misdemeanor theft conviction, 1993 burglary of a habitation conviction, 1990 burglary of a habitation conviction, 1989 burglary of a habitation conviction, and 1988 BMV conviction were also admissible for impeachment as a result of the "tacking doctrine" and not because their probative value substantially outweighed their prejudicial effect as required by *Tex. R. Evid. 609(b)*.

## POINTS OF ERROR – RESTATED

## POINT OF ERROR NO. 1 – RESTATED

The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions in a hearing outside the presence of the jury.

### ARGUMENT AND AUTHORITIES IN SUPPORT
### OF POINT OF ERROR NO. 1

### Applicable Law

Towards the conclusion of the State's case trial counsel requested a hearing outside the presence of the jury on her Motion to Testify Free from Impeachment by Prior Convictions. (4RR 5). The trial court denied counsel's motion and argument that Mr. Brooks should be allowed to testify free from impeachment with any available prior convictions and alternative argument that impeachment be limited to those felonies for tampering and forgery that fell within the ten-year limitation provided in *Tex. R. Evid. 609(a)*. (4RR 5-9).

It has long been reasoned that witnesses who have been convicted of certain criminal offenses are less worthy of belief than those who have not. *Goode, Wellborn, and Sharlot Texas Practice Series, 1 Guide to the Texas Rules of Evidence,* Sec. 609.1(3d. Ed.) at 734, 737-38 (2002). Therefore, witnesses convicted of serious cases, such as felonies, and offenses involving some level of deceit, such as misdemeanors involving moral turpitude, can be impeached with these prior convictions. *Id*. at 736.

14

Over time case law distinguished between those convictions that were "too remote" and those that were not. *Crisp v. State*, 470 S.W. 2nd 58, 59, 60 (Tex. Crim. App. 1971); *McClendon v. State* 509 S.W. 2nd 851, 855-57 (Tex. Crim. App. 1974). While trial courts exercised considerable discretion in admitting evidence of prior convictions for the purpose of impeachment, it was generally acknowledged that convictions more than 10 years removed from date of the witness' testimony were too remote to be used for impeachment. *Crisp* at 59, 60; *McClendon* at 855-57. This "rule" recognized that such remote convictions had little bearing on the witness' "present credibility", *Bustillos v. State*, 464 S.W. 2nd 118, 124 (Tex. Crim. App. 1971) and that individuals were capable of reforming their character over time. *Crisp* at 56-60.

This rule had one significant exception. If there was evidence the witness had failed to reform his character and had a subsequent felony conviction or a conviction for a misdemeanor involving moral turpitude, that remote conviction became admissible for the purpose of impeachment. *Crisp* at 59. This gave rise to the "tacking doctrine" under which a remote impeachable conviction could be "tacked" onto a more recent impeachable conviction and revived for use at trial.

The 10-year admissibility "rule" was substantially incorporated into *Tex. R. Evid. 609*. *Rule 609* distinguishes between convictions that are less than ten years old at the time of the witness' testimony and those that are older. When the conviction falls within the former category, the trial court must determine whether the probative value of the felony or misdemeanor conviction outweighs its prejudicial impact. *Tex. R. Evid. 609(a)*. Convictions falling within the latter category are not admissible unless the trial

15

court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. ***Tex. R. Evid. 609(b)***.

The balancing tests incorporated into ***Rule 609(a)*** and ***609(b)*** are distinct from one another and should be applied independently of the other. ***Hankins v. State***, 180 S.W. 3rd 177, 179 (Tex. App. – Austin 2009). Finality for the purpose of ***Rule 609(b)*** is determined by either the date of the conviction or the date the witness was released from confinement, whichever is later. "Tacking" has no place within the application of ***Rule 609(b)***. ***Leyba v. State***, 416 S.W. 3rd 563, 599 (Tex. App. – Houston [14th Dist.] 2003); ***Hankins*** at 180.

The balancing tests employed by the trial court under either ***Rule 609(a)*** or ***609(b)*** do not have to be "overt." ***Chitwood v. State***, 350 S.W. 3rd 746, 749 (Tex. App. – Amarillo 2011). Nor does the Court have to inform the parties of its balancing process, describe the factors weighed, or issue findings disclosing what factors favored admission or exclusion. ***Id***. citing ***Bryant v. State***, 997 S.W. 2nd 673, 676 (Tex. App. – Texarkana 1999). The reviewing court should presume the balancing test was performed. ***Chitwood*** at 749.

The proponent of ***Rule 609*** evidence has the burden of demonstrating the probative value of the conviction outweighs its prejudicial effect under both Section A or Section B. ***Theus v. State***, 845 S.W. 2nd 874, 880 (Tex. Crim. App. 1992).

A trial court's decision to admit remote impeachment convictions is reviewed under an abuse of discretion standard. ***Theus*** at 881. If the trial court's decision to admit

16

a prior conviction lies outside the zone of reasonable disagreement, the appellate court should not hesitate to reverse the defendant's conviction. *Theus* at 881.

Erroneous evidentiary rulings generally constitute non-constitutional error for the purpose of *Tex. R. App. P. 44.2(b)*. Such error merits reversal if it effects a defendant's substantial rights by exerting a "substantial and injurious effect or influence on the jury's verdict." *King v. State*, 953 S.W. 2nd 266, 271 (Tex. Crim. App. 1997). The error is harmless if the reviewing court has "fair assurance that the error did not influence the jury, or had but slight effect." *Solomon v. State*, 49 S.W. 3rd 356, 365 (Tex. Crim. App. 2001). To analyze harm, the entire record, including testimony, physical evidence, the nature of the evidence support the verdict, the character of the alleged error, the State and defendant's respective theories of the case, as well as closing argument are considered. *Motilla v. State*, 78 S.W. 3rd 352, 355 (Tex. Crim. App. 2002).

### Application of Law to Relevant Facts

Prior to trial the State file notice of its intent to use certain prior convictions for the purpose of impeachment should the appellant testify. (1CR 23). In response the appellant filed a Motion to Testify Free from Impeachment by Prior Convictions. (1CR 55). A summary of the appellant's prior convictions and relevant particulars based on State's Exhibit 19 through 26 is as follows:

| States Exhibit # | Volume # | Date of Conviction | Date of Offense | Offense | Case No. | Court No. | Sentence |
|---|---|---|---|---|---|---|---|
| 19 | 7RR 16 | 8-12-11 | 1-7-11 | Felony Tampering | 1291361 | 339th | 2 yrs TDCJ |
| 20 | 7RR 17 | 5-20-03 | 5-10-03 | Forgery | 948352 | 183rd | 2 yrs TDCJ |
| 21 | 7RR 18 | 11-11-02 | 8-14-02 | Failure ID | 1130561 | 10 | 60 days HCJ |

17

| 22 | 7RR 19 | 11-11-02 | 8-14-02 | Theft | 1130560 | 10 | 60 days HCJ |
|----|--------|----------|---------|-------|---------|-----|-------------|
| 23 | 7RR 20 | 03-31-93 | 4-30-92 | Burglary Habitation | 631540 | 178th | 15 yrs TDCJ |
| 24 | 7RR 21 | 10-16-90 | 10-12-90 | Burglary Habitation | 578238 | 176th | 10 yrs TDCJ |
| 25 | 7RR 22 | 10-27-89 | 10-04-89 | Burglary Habitation | 543926 | 262nd | 6 years TDCJ |
| 26 | 7RR 23 | 11-07-88 | 11-05-88 | BMV | 514854 | 209th | 9 Mos. HCJ |

Towards the conclusion of the State's case the trial court heard the appellant's motion outside the presence of the jury. Counsel acknowledged that the appellant's 2011 felony tampering conviction and 2003 forgery conviction fell within the ten-year limitation found in *Tex. R. Evid. 609(b)* but that Mr. Brooks should be allowed to testify without impeachment by any prior conviction because the probative value of the conviction did not outweigh their prejudicial effect. (4RR 5, 6).

Focusing largely on the tampering and forgery convictions the prosecutor argued that the appellant's priors were different than the offense on trial and that his credibility was critical to the case if he elected to testify. The prosecutor also noted that the need to test the appellant's credibility increased with the degree to which any defensive theory depended on his testimony rather than that of the testimony of others. (4RR 6).

The trial court denied the appellant's motion and ruled that should the appellant testify he would be subject to impeachment with the tampering and forgery convictions as well as all of his convictions that fell outside the ten-year limitation of *Rule 609(b)*. (4RR 7-9).[2]

---

[2] The trial court's decision to admit all of the appellant's remote convictions is the subject of the points of error that follow.

18

Counsel preserved error by timely advising the Court of her desire to have the appellant testify free from impeachment by motion and argument outside the presence of the jury and obtaining a ruling thereon from the Court. *Geuder v. State*, 115 S.W. 3rd 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W. 3rd 189, 193 (Tex. Crim. App. 2003). By having the trial court rule on the appellant's motion in a hearing outside the presence of the jury counsel eliminated the need to object to the prior convictions each time they were mentioned at trial. *Tex. R. Evid. 103(a)(1)*, *Geuder* at 13.

*Theus v. State*, 845 S.W. 2nd 874, 880 (Tex. Crim. App. 1992) provides five factors that may be considered in assessing whether the probative value of a prior conviction outweighs its prejudicial effect. They are: (1) The impeachment value of the prior crime; (2) the temporal proximity of the prior offense relative to the charged offense and the witness' subsequent history; (3) the similarity between the prior conviction and the charged offense; (4) the importance of the witness' testimony; and (5) the importance of the witness' credibility. The opinion in *Theus v. State* recognizes these factors are not exclusive and cannot be applied with "mathematical precision." *Id*. at 880.

While the appellant acknowledges when considered individually the *Theus* factors weigh in favor of the admissibility of the tampering and forgery convictions under *Rule 609(a)*. Convictions for crimes of deception have greater impeachment value than crimes of violence, *Theus* at 881, and tampering and forgery both embody some level of deception. While the conviction for forgery is near the outer limits of the ten-year limitation period, the tampering conviction has greater temporal proximity to the charged offense and together they provide proof of a subsequent criminal history for the purpose

19

of the second factor. Nor can it be said that the tampering and forgery convictions are similar in nature to the charged offense.

The fourth and fifth factors are intertwined because they depend on the nature of the defendant's defense and the necessity of his testimony within the context of his case. *Leybra* at 571, 572. As the importance of a defendant's testimony and credibility increases, so does the need to impeach his credibility. *Id*. However in the instant cause Mr. Brooks was not only the only witness to his history of eye problems and ability to see, his mother, Carrie Brooks, was able to testify to his eye problems and ability to see. Mr. Brooks' testimony would have gone to his intent, a factor that can only be supplied by the defendant in any positive manner. Because the *Theus* factors cannot be applied with "mathematical precision, and the complainant's testimony was supported by his mother's and the hospital records, it cannot be said the probative value of the tampering and forgery convictions outweighed their prejudicial effect.

The appellant acknowledges a defendant waives **Rule 609** error when he fails to submit himself to cross-examination. *Luce v. U.S.*, 469 U.S. 38, 43 (1984); *Whitaker v. State*, 909 S.W. 2nd 259, 262 (Tex. App. – Houston [14th Dist.] 1995); *Morgan v. State*, 891 S.W. 2nd 733 (Tex. App. – Houston [1st Dist.] 1994). It has been reasoned that without a defendant's testimony the appellate court cannot weigh the probative value of the prior convictions against its prejudicial impact. *Long v. State*, 245 S.W. 3rd 563, 573 (Tex. App. – Houston [1st Dist.] 2007). In addition, any harm would be speculative as the court and prosecutor could change their minds on the use of the prior convictions. Further, the defendant could always claim harm if he decided not to testify after the court

erroneously admitted a prior conviction into evidence. *Morgan* at 735 discussing *Luce v. U.S.*

However, this Court should re-examine this blanket rule and decide whether there are cases in which the trial record provides sufficient certainty as to the State's use of the impeachable prior convictions and the substance of the defendant's testimony for the purpose of error analysis. In Mr. Brooks' case the prosecutor not only provided specific facts and circumstances supporting the probative value of the tampering and forgery convictions, she also argued the appellant's 1993 burglary of a habitation conviction was admissible under *Rule 609(a)*. (4RR 6, 7). Given her insistence on the admissibility of the prior convictions there is little reason to believe she would ever change her mind. The appellant's recorded jail conversation with his mother revealed he would have testified his vision problems provided a defense to the alleged offense and cast doubt on his intent to commit the alleged offense. (4RR 68, 69).

The purported strength of the State's case is deceiving. Besides the discrepancies between the mother and son's testimony, it is obvious they manufactured much of the evidence against Mr. Brooks. Not content to tell their version of the events of November 9th to the healthcare professionals at Memorial Hermann that evening, the stocky youth and his mother returned the following day to retell their story alleging Tee continued to suffer self-reported headaches. After taking their own pictures of the alleged injuries on the 9th, mother and son went to the police the following day and had Officer Jones take additional pictures. (3RR 146). The car and bike that residents and Tee said he rode to the apartment were never found because they never existed. (3RR 125 and 3RR 103

21

respectively). Ms. Brooks drove her son to the apartment the night of the alleged incident. (4RR 50).

Therefore, because it cannot be said the trial court's abuse of discretion would not have had a substantial and injurious effect or influence on the jury's verdict had the appellant testified, *King* at 271, this Court should reverse the appellant's conviction and order a new trial.

## POINT OF ERROR NO. 2 – RESTATED

The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions by ruling that in addition to the appellant's recent felony tampering and forgery convictions his 1993 burglary of a habitation conviction would also be admissible under *Tex. R. Evid. 609*.

## ARGUMENT AND AUTHORITIES IN SUPPORT OF POINT OF ERROR NO. 2

For the purpose of this Point of Error all argument and authorities in support of Point of Error No. 1 are incorporated herein.

## Applicable Law

The applicable law has been discussed in this same subsection for Point of Error No. 1.

## Application of Law to Relevant Facts

In arguing for the admissibility of the 2011 tampering conviction and 2013 forgery conviction the prosecutor included the appellant's 1993 burglary of a habitation

22

conviction. She incorrectly urged the trial court to rule the 1993 conviction was admissible because the sentence for that case "expired" in 2007. (4RR 7).

The prosecutor's argument was erroneous because the date of the 1993 burglary conviction obviously falls outside the ten-year limitation found in *Rule 609(b)*. Moreover, the only other criteria for ascertaining the admissibility of a remote conviction is the date the defendant is released from confinement for that conviction, not the date the sentence has "expired." *Rule 609(b)*.

Mr. Brooks had been released from custody for the 1993 burglary case well before the 2007 date argued by the prosecutor. This can be inferred by the fact that he was released from the six-year sentence on his 1989 burglary on October 12, 1990 when he committed his second burglary offense. (See Chart, p. 16). In addition, the appellant was released from the ten-year sentence for his 1990 burglary conviction by April 30, 1992, the date of the 1993 burglary offense. Having served such short periods of time on his first and second burglary convictions there is no reason to believe that he remained convicted on his third for the full 15-year period as argued by the State.

Should these logical inferences not be sufficient for the purpose of proving the 1993 burglary conviction did not fall within the parameters of *Rule 609(b)*, the appellant was surely out of prison at the time of his August 14, 2002 misdemeanor theft case and failure to ID case. (See Chart, p. 16).

There is no record evidence the trial court considered the detailed chronology of the appellant's crimes and convictions contained in the enclosed chart as the court made

23

reference only to its consideration of the State's notice of intention to use prior convictions. (1CR 23).

In addition, the trial court specifically referred to the "tacking doctrine" in ruling the appellant's felony convictions and misdemeanors involving moral turpitude going back to 1988 would be admissible for the purpose of impeachment, not the "substantially outweighs" standard required by *Rule 609(b)*. (4RR 7, 8).

Obviously misstating the law and facts surrounding the 1993 burglary conviction did not satisfy the State's "difficult burden" in establishing the admissibility of this conviction. *Leyba* at 572. Nor did the prosecutor explain how the 1993 conviction had probative value for Mr. Brooks' case or that this probative value was supported by specific facts and circumstances. *Id*.

For the purpose of the five factors found in *Theus v. State*, 845 S.W. 2nd 874 (Tex. Crim. App. 1992) because burglary is considered a crime of deception it had impeachment value in Mr. Brooks' case. However, that value is diluted by the fact the 1993 burglary was distant in temporal proximity to the case on trial and was removed by some nine years from his 2002 forgery conviction.

While there was no similarity between the burglary and the charged offense for the purpose of the third *Theus* factor, the fourth and fifth factors do not weigh in favor of the prior convictions' admissibility because, unlike in Point of Error No. 1, the appellant was subject to impeachment with his prior tampering and forgery convictions and would not go without his credibility being impeached. However, unlike in Point of Error No. 1, the

24

appellant would ot have been subject to impeachment with his tampering and forgery convictions and would not go without his credibility being impeached.

Because the "tacking doctrine" relied upon by the trial court does not require a determination of whether the probative value of the impeachment conviction substantially outweighing its prejudicial effect, the trial court abused its discretion in admitting the 1993 burglary of a habitation conviction.

As there is no reason to believe the State would not use the 1993 burglary case to impeach the appellant given its erroneous argument for admission, and the record in this case provides ample certainty as to what the appellant's testimony would be, this Court should not automatically find that Mr. Brooks waived error by failing to testify. *Luce v. U.S.*, 469 U.S. 38, 43 (1984); *Whitaker v. State*, 909 S.W. 2nd 259, 262 (Tex. App. – Houston [14th Dist.] 1995). Rather, under the circumstances of this case, the Court should determine whether it can consider the merits of this Point of Error.

Because it cannot be said the trial court's abuse of discretion in admitting the appellant's 1993 burglary of a habitation conviction for the purpose of impeachment would not have had a substantial and injurious effect or influence on the jury's verdict had the appellant testified, this Court should reverse his conviction and remand this case for a new trial.

### POINT OF ERROR NO. 3 – RESTATED

The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions and holding that his 2002 misdemeanor theft conviction, 1993 burglary of a habitation conviction, 1990 burglary of a habitation

25

conviction, 1989 burglary of a habitation conviction, and 1988 burglary of a motor vehicle conviction were each admissible for the purpose of impeachment under *Tex. R. Evid. 609*.

## POINT OF ERROR NO. 4 – RESTATED

The trial court abused its discretion in denying the appellant's Motion to Testify Free from Impeachment by Prior Convictions and that his 2002 misdemeanor theft conviction, 1993 burglary of a habitation conviction, 1990 burglary of a habitation conviction, 1989 burglary of a habitation conviction, and 1988 burglary of a motor vehicle conviction were admissible for the purpose of impeachment under *Tex. R. Evid. 609* because of the cumulative harm generated by this error.

## ARGUMENT AND AUTHORITIES IN SUPPORT OF
## POINT OF ERROR NOS. 3 AND 4

For the purpose of these Points of Error all of the arguments and authorities in support of Points of Error Nos. 1 and 2 are incorporated herein.

### Applicable Law

It has been recognized that similar error repeated over the course of a trial can have a cumulative effect that increases the likelihood of harm. *Stahl v. State*, 749 S.W. 2nd 826, 832 (Tex. Crim. App. 1988). In *Leyba v. State*, 416 S.W. 3rd 563, 573 (Tex. App. – Houston [14th Dist.] 2013) this Court recognized errors in admitting prior convictions for the purpose of impeachment could have a cumulative harmful effect even though the convictions when considered individually were harmless. *Leyba* at 573 citing

26

*Stahl* at 832 and *Linney v. State*, 401 S.W. 3rd 764, 782-83 (Tex. App. – Houston [1st Dist.] 2013).

**Application of Law to Relevant Facts**

The arguments of the prosecutor and defense counsel at the hearing on the Appellant's Motion to Testify Free from Impeachment by Prior Convictions focused solely on the 2011 tampering, 2002 forgery, and 1993 burglary of a habitation cases.

Looking at the State's Notice of Intent to Use Prior Convictions, 1CR 23, the trial court ruled without argument by the State that all of the appellant's felonies and misdemeanors involving moral turpitude could be available for impeachment. (4RR 7-9). This includes the following:

> November 11, 2002 misdemeanor theft
>
> March 31, 1993 burglary of a habitation
>
> October 16, 1990 burglary of a habitation
>
> October 1, 1989 burglary of a habitation
>
> November 7, 1988 burglary of a motor vehicle

The court's ruling came without any explanation of how the probative value of the remote convictions or how their probative value was supported by specific facts and circumstances. The court's reference was to the "tacking doctrine" and not the "substantially outweighs" balancing test of ***Rule 609(b)***.

In ***Leyba*** this Court recognized that trial courts may abuse their discretion in admitting certain prior convictions for the purpose of impeachment but not others. ***Leyba***

at 592, 573 (comparing the admission of aggravated robberies and possession of a firearm).

In Point of Error No. 2 it was argued that the trial court abused its discretion in admitting the appellant's 1993 burglary of a habitation conviction. Similar reasons and logic apply to the 2002 theft conviction, 1990 burglary of a habitation conviction, 1989 burglary of a habitation conviction and 1988 BMV conviction.

Should this Court decide there is not sufficient reason or harm to accord Mr. Brooks' relief on the use of any of the above prior convictions individually, this court should next assess whether the trial court's errors, when viewed cumulatively, affected his substantial rights.

As in *Leyba* there is reason to doubt the prosecutor had the "substantial need" to impeach Mr. Brooks with so many remote convictions. *Leyba* at 574. Indeed, the overwhelming effect was to cast Mr. Brooks as a criminal, not just an untruthful person. With the tampering and forgery convictions available to impeach the appellant, the multitude of other remote convictions risked Mr. Brooks would be found guilty as a criminal generally, and not because he committed the instance offense and was not credible. The Court's ruling certainly had a chilling effect on his decision not to testify.

Therefore, because it cannot be said the cumulative effect of the trial court's decision to admit all of the appellant's remote prior felony convictions and misdemeanor convictions involving moral turpitude did not have a substantial and injurious effect or influence on the jury's verdict had he testified, this Court should reverse the appellant's conviction and remand his case for a new trial.

28

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, the appellant prays that this Honorable Court consider each point of error raised herein, reverse the appellant's conviction, and grant him a new trial.

Respectfully submitted,

/s/Kurt B. Wentz_____
KURT. B. WENTZ
5629 Cypress Creek Parkway, Suite 115
Houston, Texas 77069
E-mail: kbsawentz@yahoo.com
281/587-0088
TBA: 211779300
ATTORNEY FOR APPELLANT

**CERTIFICATE OF SERVICE**

I, Kurt B. Wentz, hereby certify that a true and correct copy of the foregoing brief was personally delivered to the Clerk of this Court to be deposited in the box reserved for the Harris County District Attorney's Office on the 5th day of August, 2015

/s/Kurt B. Wentz_____
KURT B. WENTZ

**CERTIFICE OF COMPLIANCE**

I, Kurt B. Wentz, hereby certify the foregoing appellant's brief contains 5,939 number of words.

Signed this 5th day of August, 2015

/s/Kurt B. Wentz_____
KURT B. WENTZ

29