**Affirmed and Memorandum Opinion filed April 14, 2016.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-14-00568-CR

**MARCUS BROOKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1408106**

# MEMORANDUM OPINION

Appellant Marcus Brooks challenges his conviction for injury to a child.

Appellant was in a dating relationship with the complainant's mother. The complainant's mother terminated her relationship with appellant. The complainant, a twelve-year-old child, was present during an episode in which his mother and appellant began fighting. Appellant punched the complainant in the head and stomach several times. The complainant suffered injuries.

Appellant was charged with injury to a child. Appellant pleaded "not guilty." The State alleged two prior felony convictions as enhancements, to which appellant pleaded "true."

Appellant filed a motion in the trial court to testify free from impeachment by prior convictions. Appellant had eight prior convictions, ranging over a twenty-two year period:

- burglary of a motor vehicle (1988),
- burglary of a habitation (1989),
- burglary of a habitation (1990),
- burglary of a habitation (1993),
- theft (2002),
- failure to identify (2002),
- forgery (2003), and
- felony tampering (2011).

In his motion to testify free from impeachment, appellant asserted that the probative value of admitting evidence of his prior convictions for the purposes of determining his credibility did not outweigh the prejudicial effect.

After the State closed its case-in-chief, the trial court held a *Theus* hearing[1] to determine whether appellant could testify free from impeachment. At the hearing, appellant requested that the State not be allowed to use any of the convictions other than the forgery conviction and the felony tampering conviction, because those convictions occurred more than ten years before trial. With respect to the forgery conviction and the felony tampering conviction, appellant argued

---

[1] *See Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992) (holding the party seeking to introduce evidence of a prior conviction under Texas Rule of Evidence 609(a) must prove that the probative value of the conviction outweighs its prejudicial effect; to make this determination the trial court must consider factors including, but not limited to, (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness' subsequent history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue).

that the prejudicial effect of those convictions outweighed their probative value.

The trial court ruled that the prejudicial effect of the convictions did not outweigh their probative value. The trial court explained that, although some of appellant's convictions were remote, they could be "tacked" onto the recent felonies. Applying the tacking doctrine, the trial court determined that the State could question appellant regarding tampering, forgery, the failure-to-identify, and theft convictions dating back to 1988. The theft convictions included appellant's 1989 and 1990 convictions for burglary of a habitation and appellant's 1988 conviction for burglary of a motor vehicle. Appellant did not testify and the convictions never came into evidence. Appellant made no proffer as to what his testimony would have been had the trial court allowed him to testify free from impeachment.

The jury found appellant guilty and assessed punishment at sixty years' confinement. In four issues, appellant now challenges the trial court's denial of his motion to testify free from impeachment by prior convictions.

### *Failure to Preserve Error*

Appellant asserts that Texas Rule of Evidence 609(b) has supplanted the tacking doctrine and tacking convictions together is no longer permitted. *See Meadows v. State*, 455 S.W.3d 166, 171 (Tex. Crim. App. 2015).

To preserve error on appellant's claim that the trial court erred in denying his motion to exclude evidence of his prior convictions, appellant was required to take the stand and testify at trial. *See Jackson v. State*, 992 S.W.2d 469, 479 (Tex. Crim. App. 1999); *Whitaker v. State*, 909 S.W.2d 259, 262 (Tex. App.—Houston [14th Dist.] 1995, no pet.). In *Jackson*, the Court of Criminal Appeals explained that to review the trial court's ruling, an appellate court would be required to

engage in

> the difficult task of speculating about (1) the precise nature of the defendant's testimony, (2) whether the trial court's ruling would have remained the same or would have changed as the case unfolded, (3) whether the government would have sought to impeach the defendant with the prior conviction, (4) whether the accused would have testified in any event, and (5) whether any resulting error in permitting impeachment would have been harmless.

*Jackson*, 992 S.W.2d at 479. Appellant did not testify and so did not preserve error on his complaint that the trial court erred in denying his motion to testify free from impeachment.

Appellant acknowledges that he waived the error by failing to submit himself for cross-examination because appellate courts cannot weigh the probative value of the prior convictions against their prejudicial impact without the defendant's testimony. Appellant asks, however, that we "re-examine the blanket rule" and hold that in this case the record provides sufficient certainty that the State would have impeached appellant using his prior convictions and that the substance of appellant's testimony would have been that his vision problems provided a defense to the allegations and thereby cast doubt on his intent to commit the offense. This court, being bound to follow precedent from the Court of Criminal Appeals, lacks the authority to reexamine and overrule the precedent set by the high court in *Jackson*. *See Gardner v. State*, 478 S.W.3d 142, 147 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). We, therefore, decline appellant's invitation. *See id.*

Appellant did not preserve error on his arguments that the trial court erred in denying his motion to testify free from impeachment by prior convictions.  *See Jackson*, 992 S.W.2d at 479.  Accordingly, we overrule appellant's issues and affirm the trial court's judgment.


/s/ Kem Thompson Frost
   Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).